IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARSENIO PELAYO, FRANCIS MANANKIL, and BRANDON BORELIZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PLATINUM LIMOUSINE SERVICES, INC., KURT TSUNEYOSHI, *et al.*<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 15-00023 DKW-KJM<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs Arsenio Pelayo and Brandon Boreliz (collectively "Plaintiffs") filed a Motion for Attorneys' Fees and Costs on February 22, 2016 (the "Motion"). *See* ECF No. 124. Defendants Platinum Limousine Services, Inc. ("Platinum") and Kurt Tsuneyoshi (collectively "Defendants") filed their Opposition on March 7, 2016. *See* ECF No. 126. Plaintiffs filed their Reply on March 21, 2016. *See* ECF No. 128. The parties were not required to submit a Statement of Consultation. *See* ECF No. 122.

On April 27, 2015, the Court ordered simultaneous supplemental briefing on the fairness of the underlying settlement pursuant to the Fair Labor

1

Standards Act ("FLSA").  *See* ECF No. 131.  The parties filed their Supplement

Briefs on May 11, 2016.  *See* ECF Nos. 132, 133.

The Court finds this matter suitable for disposition without a hearing

pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District

Court for the District of Hawaii.  After reviewing the Motion, the supporting and

opposing memoranda, and the relevant case law, the Count FINDS and

RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN

PART for the reasons set forth below.

<u>BACKGROUND</u>

Defendants employed Plaintiffs as limousine drivers for Platinum, a

limousine service company.  *See* ECF No. 27-2 at 9.  Plaintiff Pelayo commenced

the instant action by bringing a Collective Action in the Circuit Court for the First

Circuit of Hawaii on January 5, 2015.  *See* ECF No. 1-1.  The Complaint alleged

eight causes of action premised on Plaintiff Pelayo's allegation that Platinum failed

to pay him wages and expenses for a number of employment related activities, as

required by law.  *See* ECF No. 27-2 at 9.

Defendants removed the action to this Court on January 20, 2015.  *See*

ECF No. 1.  Plaintiff Pelayo subsequently filed an Amended Complaint on January

22, 2015 (the "FAC"), adding Antonio Ponce as a plaintiff.  *See* ECF No. 5.

On February 5, 2015, Defendants filed a Motion to Dismiss Plaintiffs'

First Amended Complaint for Damages, Declaratory and Injunctive Relief (the

"Motion to Dismiss FAC"). *See* ECF No. 9. In their Opposition to the Motion to Dismiss FAC, Plaintiffs attached a proposed Second Amended Complaint ("SAC"). *See* ECF No. 20-2. The Court rejected the SAC and ordered Plaintiffs to file a motion for leave to file an amended complaint, which Plaintiffs filed on April 27, 2015 (the "Motion for Leave to File SAC"). *See* ECF No. 33. On June 5, 2015, the Court granted the Motion for Leave to File SAC. *See* ECF No. 42.

In the SAC, Plaintiffs removed Mr. Ponce from the action and added Plaintiff Boreliz and plaintiff Francis Manankil to the action. *See* ECF No. 43. Plaintiffs' SAC also removed four causes of action and asserted only the following four causes of action: (1) violation of HRS §§ 388-2 and/or 388-6 for failure to timely pay wages due (Count 1); (2) conversion (Count 2); (3) unjust enrichment (Count 3); and (4) violation of FLSA, 29 U.S.C. §§ 201 *et seq*. (Count 4). *See* ECF No. 27-2.

### *The Motion to Dismiss*

On June 22, 2015, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion to Dismiss SAC"), moving the Court to dismiss Plaintiff Boreliz's claims, together with each of the first three counts of the SAC. *See* ECF No. 45. The Court granted in part and denied in part the Motion to Dismiss SAC on September 30, 2015. *See* ECF No. 62.

The Court granted Defendants' motion to dismiss Plaintiffs' Count 1 claim under HRS § 388-2 and Plaintiffs' Count 2 claim for conversion. The Court

explained that Defendants' motion to dismiss these state claims were "granted in part because Plaintiffs concede they are not asserting an [sic] Hawaii Revised Statutes ("HRS") § 388-2 claim and because Plaintiffs' theory of conversion of a contingent benefit is not recognized by state law."  ECF No. 62 at 1-2.  The Court denied Defendants' motion in all other respects.  The remaining causes of action were (1) violation of HRS § 388-6 for failure to timely pay wages due (Count 1); (2) unjust enrichment (Count 3); and (4) violation of FLSA, 29 U.S.C. §§ 201 *et seq.* (Count 4).

*The Motions for Partial Summary Judgment*

Plaintiffs and Defendants filed cross-motions for partial summary judgment on October 9, 2015.[1]  *See* ECF No. 65, 67.  Plaintiffs requested partial summary judgment in their favor on the issue of Defendants' failure to pay Plaintiff Pelayo and Mr. Manankil premium overtime wages for certain workweeks.  ECF No. 67-1 at 2.  Defendants moved the Court for summary judgment in Defendants' favor on Plaintiffs' minimum wage claims, HRS § 388-6 claims, Plaintiff Boreliz' overtime claims, and Plaintiffs' unjust enrichment claims.  ECF No. 65 at 3-4.  Defendants also moved the Court to compel arbitration by Mr.

---

[1]  Plaintiffs also filed a Motion to Conditionally Certify a Collective Pursuant to 29 U.S.C. § 216(b) and Haw. Rev. Stat. § 388-11 and for an Order of Notice to the Class on October 2, 2015 (the "Motion to Certify").  *See* ECF No. 63.  The Court denied the Motion to Certify "[b]ecause the members of the proposed collective [were] not sufficiently similarly situated."  ECF No. 112 at 2.  Plaintiffs did not include the time spent on the Motion to Certify in the instant Motion.

Manankil because Mr. Manankil had entered a binding agreement to arbitrate his disputes with Defendants pursuant to his employment contract.  *Id* at 3.

On December 30, 2015, the Court granted Defendants' request to compel Mr. Manankil to arbitrate his claims, concluding that Mr. Manankil's employment agreement intended to delegate the question of arbitrability to an arbitrator.  ECF No. 112 at 35.  In addition, the Court held the parties' cross-motions for partial summary judgment in abeyance until a further settlement conference.  *Id.* at 2.

*Plaintiffs' Settlement Demand*

On October 13, 2015, Plaintiffs made a settlement demand of $312,410.48 on behalf of Plaintiffs, Mr. Manankil, and three other potential plaintiffs.  *See* ECF No. 126-2.  The total amount was based in part on the Department of Labor's finding that Plaintiff Pelayo was entitled to $7,450 in unpaid overtime and that Mr. Manankil was entitled to $32,504.97 for his minimum wage and overtime claims.  *Id*.  $60,557.46 of the total settlement demand was for attorneys' fees and costs.  *See id*. at 4.

*The Discovery Dispute*

On November 2, 2015, Plaintiffs filed a Motion to Compel Discovery, requesting that the Court order the Defendants to produce seven pages of documents related to Plaintiffs' personnel files, documents related to the terms of Plaintiffs' employment with Defendants, and documents related to Defendants'

policies or procedures related to employee compensation and pay.  *See* ECF No. 78-1 at 1-2.  Defendants filed their Opposition on November 19, 2015, asserting that the seven pages of documents Plaintiffs were requesting related to Mr. Manankil.  *See* ECF No. 92 at 2.  Defendants argued that because Defendants had requested that the Court compel Mr. Manankil to arbitrate his claims, Defendants should not be required to produce the documents until after the Court had decided Defendants' request to compel Mr. Manankil to arbitrate.  ECF No. 92 at 2.  The Court granted Plaintiffs' Motion to Compel Discovery on December 10, 2015.  ECF No. 101.

 *The Final Settlement*

  The parties participated in three settlement conferences with Magistrate Judge Barry M. Kurren on August 27, 2015; November 12, 2015; and January 15, 2016.  *See* ECF Nos. 57, 82, 122.  With Judge Kurren's assistance, Plaintiff Pelayo and Plaintiff Boreliz entered into a Settlement Agreement and General Release (the "Settlement Agreement") with Defendants for $5,000 and $575, respectively.  *See* ECF No. 124-12.  The parties agreed to submit the issue of Plaintiffs' attorneys' fees to the Court in the Settlement Agreement.  *Id.* at 1.  The Settlement Agreement explicitly provides that the filing of a Stipulated Dismissal "shall not divest the Court of jurisdiction to determine the amount of attorneys' fees and award those fees or otherwise enforce [the Settlement Agreement]."  ECF No. 124-12 at 2.  The Stipulation for Dismissal with Prejudice was filed on

February 10, 2016.  *See* ECF No. 123.  Plaintiffs subsequently filed the instant

Motion for Attorneys' Fees and Costs pursuant to the Settlement Agreement.

<u>DISCUSSION</u>

I.    SETTLEMENT OF CLAIMS UNDER FLSA

Under FLSA, "[e]mployees may not negotiate away liquidated

damages or back wages in the interest of achieving a settlement."  *D.A. Schulte,*

*Inc., v. Gangi*, 328 U.S. 108, 115 (1946).  Notwithstanding this general rule, an

employee may settle and waive claims under FLSA if: (1) "the payment of unpaid

wages by the employer to the employee is supervised by the Secretary of Labor";

or (2) the parties present to a district court a proposed settlement agreement, and

the district court enters a judgment approving the settlement.  *Id.* (citing *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982)).  *See also*

*Seminiano v. Xyris Enter., Inc*., 602 F. App'x 682, 683 (9th Cir. 2015) ("FLSA

claims may not be settled without approval of either the Secretary of Labor or a

district court.").  Before entering judgment, a district court must scrutinize the

settlement for fairness.  *Almodova v. City & Cty. of Honolulu*, No. CV 07-

00378DAE-LEK, 2010 WL 1372298, at *3 (D. Haw. Mar. 31, 2010), *adopted by*,

2010 WL 1644971 (D. Haw. Apr. 20, 2010).

Plaintiffs assert that FLSA may not require judicial review of the

reasonableness of the settlement in this case because there is no settlement money

allocated as attorneys' fees and costs and because this action is not a collective

action.  *See* ECF No. 133 at 2.  The Court disagrees.

Most of the Court of Appeals that have considered the issue of

settlements under FLSA, including the Ninth Circuit (in an unpublished opinion),

have held that court approval is required for *all* settlements under FLSA.  *Cheeks*

*v. Freeport Pancake House, Inc*., 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*,

136 S. Ct. 824 (2016); *Seminiano v. Xyris Enter., Inc*., 602 F. App'x 682, 683 (9th

Cir. 2015); *Copeland v. ABB, Inc*., 521 F.3d 1010, 1014 (8th Cir. 2008); *Taylor v.*

*Progress Energy, Inc*., 493 F.3d 454, 459–60 (4th Cir. 2007) (superseded on other

grounds); *O'Connor v. United States*, 308 F.3d 1233, 1243 (Fed. Cir. 2002);

*Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986).  Further,

district courts in our own circuit have held that parties may not settle FLSA claims

absent approval of the Department of Labor or district court.  *See Selk v. Pioneers*

*Mem'l Healthcare Dist*., No. 13-CV-244-BAS-BGS, 2016 WL 519088, at *3 (S.D.

Cal. Jan. 29, 2016).  *See also Goudie v. Cable Commc'ns, Inc*., No. CV 08-507-

AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) ("In reviewing a private FLSA

settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must

ensure that private FLSA settlements are appropriate given the FLSA's purposes

and that such settlements do not undermine the Act's purposes."); *Hand v. Dionex*

*Corp*., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13,

2007) ("because Plaintiffs filed a FLSA action against Defendant, the parties must

seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement").

Accordingly, the Court finds that this FLSA settlement must be scrutinized for fairness.  In reviewing FLSA settlements, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Almodova*, 2010 WL 1372298, at *3.  For the reasons discussed below, the Court finds that the settlement between the parties in the instant action was a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

A.     Bona Fide Dispute

"A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability."  *Selk*, 2016 WL 519088, at *3 (internal quotations omitted) (citation omitted).  Here, there were legitimate questions about the existence and extent of Defendants' FLSA liability as illustrated by the arguments presented by both parties regarding whether Defendants owed any amount in overtime to Plaintiff Pelayo and Plaintiff Boreliz.  *See*, *e.g.*, ECF No. 45 (arguing that the SAC "does not state any plausible overtime or minimum wage violations");  ECF No. 132 at 9 ("There was a bona fide dispute that Defendants owned any amount in overtime to Pelayo").  Accordingly, this case involved a bona fide dispute over FLSA provisions.  *See McKeen-Chaplin v. Franklin Am. Mortgage Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D.

Cal. Dec. 19, 2012 ("This case involves disputed issues of FLSA coverage and potential liability, which constitutes a bona fide dispute.").

B.     Fair and Reasonable Settlement

In determining the reasonableness of a FLSA settlement, the court should consider whether "the proposed settlement reflects a reasonable compromise over contested issues." *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2012 WL 4465558, at *11 (E.D. Cal. Sept. 25, 2012) (citation omitted). "Among the factors relevant to this determination are the course of the negotiations, the existence of any factual or legal questions that place the outcome of the litigation in doubt, the benefits of immediate recovery balanced against litigation, and the parties' belief the settlement is fair." *Id.*

First, the final settlement was achieved after three settlement conferences before Magistrate Judge Kurren. *See* ECF Nos. 57, 82, 122. Accordingly, the course of the negotiations reflect that Judge Kurren assisted the parties with the settlement, and thus, essentially approved the terms of the settlement agreement. Second, both parties have persuasively argued that the settlement is a fair compromise of disputed claims. The parties agree that Judge Kurren was well aware of the strengths and weaknesses of their respective cases, and that he assisted the parties and their counsel in arriving at the mutually satisfactory settlement. *See* ECF No. 132 at 8 ("The Court should approve this settlement which was entered after extensive discovery, motion practice and

briefing, three settlement conferences and which represented counsel and

Magistrate Kurren's best judgment of an appropriate resolution of this case.");

ECF No. 133 at 5 ("This settlement was achieved during a settlement conference

that was supervised by Judge Kurren, with the full participation of all affected

Plaintiffs.").

Based on the course of the Court-assisted negotiations and the parties'

mutual belief that the settlement is fair, the Court finds that the settlement

agreement is fair and reasonable.  The Court thus recommends that the District

Judge approve the settlement.  *See Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-

PHX-LOA, 2013 WL 6228652, at *7 (D. Ariz. Dec. 2, 2013) ("approval of

proposed FLSA settlements are dispositive and such settlements require judicial

approval").

## II.  Calculation of Attorneys' Fees

"The FLSA contains a mandatory fee– and cost-shifting provision."

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL

153266, at *4 (N.D. Cal. Jan. 13, 2016) (citing 29 U.S.C. § 216(b) ("The court in

such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

allow a reasonable attorney's fee to be paid by the defendant, and the costs of the

action")).  Because settlement of a FLSA claim results in a stipulated judgment in

district court, this provision applies even where parties settle an individual action.

*Id*. (citing *Yue Zhou v. Wang's Restaurant*, No. C 05-0279, 2007 WL 2298046, at

*1 (N.D. Cal. Aug. 8, 2007); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354)).  *See also Almodova*, 2010 WL 1372298, at *6 (citations omitted) ("The FLSA . . . requires that a settlement agreement include an award of reasonable fees.") (ellipses in original).

FLSA also "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* (citing *Silva v. Miller*, 2009 WL 73164 (11th Cir. Jan. 13, 2009)).  In the instant case, the parties did not include an award of reasonable fees in their Settlement Agreement; rather, the parties agreed to submit the issue of attorneys' fees to this Court.  *See* ECF No. 124-12.  Accordingly, this Court must review the fees requested in the Motion for reasonableness.

"Under federal law, reasonable attorneys' fees are generally based on the traditional 'lodestar' calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *Donkerbrook v. Title Guar. Escrow Servs., Inc.*, No. CIV. 10-00616 LEK, 2011 WL 3649539, at *4 (D. Haw. Aug. 18, 2011).  *See also Almodova v. City & Cty. of Honolulu*, 2010 WL 1372298, at *7 (using the "principles of the traditional lodestar method as a guide" in reviewing the reasonableness of attorneys' fees in FLSA settlement agreements).  Under the lodestar method, the court must determine a reasonable fee by multiplying 'the

number of hours reasonably expended on the litigation by 'a reasonable hourly rate.'" *Almodova*, 2010 WL 1372298, at *7 (citing *Hensley*, 461 U.S. at 433).

Here, Plaintiffs request the following lodestar amount for work performed by their counsel in this litigation:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Richard Holcomb (RH) | 366.8[2] | $300.00 | $110,040.00 |
| Timothy Mac Master (RM) | 50.3[3] | $450.00 | $22,635.00 |
| Paralegal | 24.2[4] | $85.00 | $2,057.00 |
| SUBTOTAL | 437.8 | | $134,732.00 |
| Hawai'i GET 4.712% | | | $6,348.57 |
| **TOTAL** | | | **$141,080.57** |

---

[2]  Plaintiffs' Motion states that Mr. Holcomb expended a total of 366.1 hours in this case, not including the Reply for the Motion and Supplemental Brief; however, Plaintiffs miscalculate the time spent by Mr. Holcomb in the following categories: Case Development; Pleadings; Interrogatories, and Motions Practice.  Mr. Holcomb expended: (1) 93.5 hours for Case Management, not 93.2; (2) 42.4 hours for Pleadings, not 43.4; (3) 23 hours for Interrogatories, not 23.5; and (4) 130.3 hours for Motions Practice, not 128.6.  Also, Plaintiffs miscalculate the total hours for Mr. Holcomb based on the incorrect entries, which should have been 366.3 hours.  Based on the Court's calculations, the Court has added 0.7 hours to Mr. Holcomb's requested time.

[3]  Plaintiffs' Motion states that Mr. Mac Master expended a total of 51.3 hours in this case, not including the Reply for the Motion; however, Plaintiffs miscalculate the time spent by Mr. Mac Master for Case Development.  Mr. Mac Master expended 15.6 hours for Case Management, not 17.6.  Also, even with the miscalculated entry of 17.6 hours for Case Development, Mr. Mac Master's total should have been 52.3 hours, not 51.3 hours.  Based on the Court's calculations, the Court has subtracted 1 hour from Mr. Mac Master's requested time.

[4]  Plaintiffs' Motion states that the paralegal tasks totaled 23.1 hours in this case; however, Plaintiffs miscalculate the paralegal hours in the Pleadings category.  The paralegal tasks totaled 6.3 hours for Pleadings, not 5.2.  Accordingly, the Court has added 1.1 hours to the paralegal hours based on the Court's calculations.

*See* ECF Nos. 124-11, 124-21.  Plaintiffs also request an additional $3,570.00 plus Hawai'i General Excise Tax ("GET") for the 11.9 hours Mr. Holcomb spent on the Reply for the Motion, an additional $225.00 plus GET for the 0.5 hours Mr. Mac Master spent on the Reply for the Motion, and an additional $2,820 plus GET for the 9.4 hours Mr. Holcomb expended on the Supplemental Brief.  Accordingly, Plaintiffs request a total of $148,007.27 in attorneys' fees.[5]

A.     Reasonable Hourly Rate

In determining a reasonable hourly rate, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Plaintiffs submitted seven declarations related to the issue of a reasonable hourly rate, six from attorneys practicing in Hawai'i and one from a Hawai'i plumber.  *See* ECF Nos. 124-3 to 9.  Each of the attorneys declare their

---

[5]  $141,080.57 plus $3,738.22 (11.9 hours x 300=$3,570.00 x 4.712%) plus $235.60 (.5 hours x 450=225 x 4.712%) plus $2,952.88 (9.4 hours x 300=$2,820 x 4.712%).

hourly rate, which ranges between $250-$350 per hour, to be reasonable and that Mr. Holcomb's requested hourly rate of $300 is reasonable.  *See* ECF Nos. 124-2 to 7.  Mr. Hazzard declares that he bills $189 an hour for his services as a plumber. *See* ECF No. 124-8.

The Court is aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  The Court is also guided by the district court's recent decision to award Mr. Holcomb a rate of $200 in *De-Occupy Honolulu v. City & County of Honolulu*, No. CIV. 12-00668 JMS-KSC, 2015 WL 1013834, at *9 (D. Haw. Mar. 9, 2015). Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, and Plaintiffs' counsels' submissions, the Court finds that the requested hourly rates for Mr. Holcomb and Mr. Mac Master are excessive.

1.  A Reasonable Hourly Rate for Richard Holcomb is $200.

Mr. Holcomb has been practicing law since 2005, but became licensed to practice in Hawai'i in November of 2009.  *See* ECF No. 124-10.  Plaintiffs contend that Mr. Holcomb "deserves a raise," and dedicate 13 pages of their 30-page Motion asserting the same arguments raised before the Court in two previous civil rights cases in which Mr. Holcomb served as plaintiffs' counsel.  *See De-Occupy Honolulu v. City & County of Honolulu*, 2015 WL 1013834, at *9 (rejecting Plaintiffs objection to a $200 hourly rate for Mr. Holcomb, which were

based on the same arguments the Court had rejected in *Hawaii Defense Foundation v. City & Cnty. of Honolulu*, 2014 WL 2804448, at *5 (D. Haw. June 19, 2014)).

Plaintiffs argue that Hawaiʻi rates are lower than comparable attorneys on the mainland, that the Court should utilize the Laffey Matrix in awarding attorneys' fees, that cases in this district reflect that this Court imposes an artificial cap on attorney rates, that the salaries of federal judges has increased, and that attorneys are not encouraged to accept fee shifting cases because of these rates. *See* ECF No. 124-1 at 24-35. In addition, Plaintiffs attach a number of articles on the high cost of living in Hawaiʻi to the Motion. *See* ECF Nos. 124-14 to 20. What Plaintiffs fail to do in the Motion, however, is to advance a legally sufficient basis for adjusting the $200 hourly rate recently deemed to be a reasonable rate for Mr. Holcomb by the district court.

The Court has determined on numerous occasions that $200 is a reasonable rate for attorneys with experience similar to Mr. Holcomb. *See, e.g. Hawaii Electricians Annuity Fund v. Hirose*, No. CV 15-00031 DKW-RLP, 2015 WL 4931870, at *5 (D. Haw. July 30, 2015), *adopted by*, 2015 WL 4934536 (D. Haw. Aug. 18, 2015) (awarding $225 for an attorney admitted to the bar in 1994); *Leff v. Bertozzi Felice Di Giovanni Rovai & C. Srl*, No. CV 15-00176 HG-RLP, 2015 WL 9918660, at *9 (D. Haw. Dec. 30, 2015), *adopted by*, 2016 WL 335850 (D. Haw. Jan. 26, 2016) (awarding $200 for an attorney admitted to bar in 2006).

*See also HRPT Props. Trust v. Lingle*, 775 F.Supp.2d 1225, 1232 (D. Haw. 2011) ("This court has recently found that $285 per hour is the prevailing rate in this community for attorneys with 20 to 30 years' experience."); *JJCO, Inc. v. Isuzu Motors Am., Inc.*, Civil No. 08–00419 SOM–LEK, 2010 WL 3001924, at *10 (D. Hawaiʻi July 30, 2010) (finding rate of $185 a "reasonable hourly rate" for attorney practicing eleven years).

Indeed, Plaintiffs demonstrate considerable knowledge of the hourly rates awarded in this district and cite to numerous decisions from the District of Hawaiʻi supporting an award of $200 for an attorney with Mr. Holcomb's experience.  *See* ECF No. 124-1 at 27-28.  Despite this extensive knowledge of the prevailing rates for attorneys in this district, Plaintiffs contend that Mr. Holcomb deserves a rate that attorneys that have been practicing in Hawaiʻi for 20-30 years are awarded by this Court, without providing any new arguments than those that have been presented and rejected by the district court on at least two previous occasions.  The Court will not disturb hourly rates awarded in this district without reasoning legally sufficient to warrant overruling the extensive body of law existing on prevailing attorney rates in this district.  The Court thus recommends that the district court award Mr. Holcomb a rate of $200.

2.  A Reasonable Hourly Rate for Timothy Mac Master is $285.

Plaintiffs request that the Court award Mr. Mac Master a rate of $450. The Court finds this requested hourly rate to be excessive.  Mr. Mac Master has

been licensed since 1989.  Mr. Mac Master's Declaration provides the following: (1) that he has had extensive experience in medical malpractice litigation; (2) that medical malpractice litigation is fraught with peril and emotional stress for plaintiffs' attorneys; (3) that he has extensive trial experience in criminal defense; and (4) that he has successfully represented plaintiffs in *Douglass v. Pflueger Hawaii, Inc.*, 135 P.3d 129 (Haw. 2006), a Hawai'i state case involving hostile work environment, unsafe work environment, and sexual assault and discrimination claims.  *See* ECF No. 124-9.  The Court is not persuaded.

First, none of the claims asserted in the instant case involve medical malpractice, criminal defense litigation, or Hawai'i state discrimination claims. Second, Mr. Mac Master provides only one FLSA and unpaid wage litigation case in which he was the attorney of record as evidence that he is experienced in wage and hour litigation.  *See* ECF No. 128-1 at 2-3.  Third, Mr. Mac Master's role in the instant litigation was limited.  Mr. Mac Master expended only 12% percent of the total hours expended in this litigation.  *See D.S. v. Haw. Dep't of Educ.*, No. CIV. 12-00533 DKW-RLP, 2014 WL 772895, at *3 (D. Haw. Feb. 25, 2014) (considering the attorney's role in the litigation in the determination of a reasonable rate).

Accordingly, based on Mr. Mac Master's limited experience in FLSA and unpaid wage litigation, his role in this litigation, other awards in this jurisdiction, and the Court's familiarity with the prevailing rates in the community,

18

the Court recommends that the district court award Mr. Mac Master a rate of $285. *See Id.* at *3 (awarding a rate of $285 to an attorney with over 25 years of experience in the specific area of law litigated in that case).

3. Paralegal

Plaintiffs seek an hourly rate of $85 for work performed by Plaintiffs' unnamed paralegal. Mr. Holcomb's declaration also states that Mr. Holcomb personally completed most of the "clerical duties" listed on the timesheet. ECF No. 124-10 at 23.

Local Rule 54.3(e)(1) provides that the affidavit of counsel shall include a "brief description of the relevant qualifications, experience, and case-related contributions of each attorney and *paralegal* for whom fees are claimed, as well as any other factors relevant to establishing the reasonableness of the requested rates." (Emphasis added). Here, Plaintiffs fail to provide an affidavit of counsel for their unnamed paralegal as required by Local Rule 54.3(e). Thus, the Court does not have any information on the qualifications, experience, or case related contributions of the Plaintiffs' paralegal. The Court is also unable to determine which tasks were performed by Plaintiffs' unnamed paralegal and which tasks were performed by Mr. Holcomb as the entries simply state "PARA (@85/hr)" for the tasks billed at a rate of $85.00/hr. *See* ECF No. 124-11.

Notwithstanding this lack of information and specificity as to who was performing the entries listed as "PARA", courts in this district typically award

an hourly rate of $85.00 for paralegals.  *D.S. ex rel. Clarenore S. v. Dep't of Educ., Hawaii*, No. CIV. 12-00533 DKW, 2014 WL 772895, at *4 (D. Haw. Feb. 25, 2014).  *See also Frankl v. HGH Corp.*, No. CIV. 10-00014 JMS, 2012 WL 1755423, at *8 (D. Haw. Apr. 23, 2012), *adopted by*, No. CIV. 10-00014 JMS, 2012 WL 1753644 (D. Haw. May 14, 2012) ("A reasonable hourly rate for an experienced paralegal is $85.").  Accordingly, the Court recommends an hourly rate of $85.00 for the time expended on paralegal tasks.

B.    Hours Reasonably Expended

The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked.  *Hensley*, 461 U.S. at 437; *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).  The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.  *Gates*, 987 F.2d at 1397-98.

The Court, however, has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case."  *Irwin v. Astrue*, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)).  "A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable."  *Black v. City & Cty. of*

*Honolulu*, No. CV 07-00299 DAE-LEK, 2010 WL 653026, at *10 (D. Haw. Feb. 22, 2010), *adopted by* 2010 WL 3940979 (D. Haw. Sept. 29, 2010), *aff'd,* 512 F. App'x 666 (9th Cir. 2013). "A court has discretion to trim fat from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Id.* (citation omitted) (internal quotations omitted). "Time expended on work deemed 'excessive, redundant, or otherwise unnecessary' shall not be compensated. *Id.* (citing *Gates*, 987 F.2d at 1399 (quoting *Hensley*, 461 U.S. at 433–34)).

Here, Plaintiffs submit documentation for the following hours expended on this litigation: 388.1 hours by Mr. Holcomb; 50.8 hours by Mr. Mac Master; and 24.2 hours for paralegal tasks. *See* ECF Nos. 124-1, 124-21. Defendants argue that these hours are excessive. *See* ECF No. 126. Based on the arguments presented by Defendants in their Opposition and the Court's own independent review of the hours Plaintiffs request in this case, the Court finds that the requested hours are excessive for the reasons discussed below. *See Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010) ("It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination[.]")

1. Time Spent on Tasks that Did Not Contribute to Litigation of the Case

    a. *Client Agreements*

Plaintiffs request 7.3 hours expended by Mr. Holcomb on client agreements, including the retainer agreement and conflict waiver agreement. The Court finds that these hours are non-compensable. Although client agreements are

necessary to Plaintiffs' professional relationship with their attorneys, these agreements did not contribute to the litigation of Plaintiffs' claims.  For "purposes of a judicial award of attorney's fees, work on a client agreement should be subsumed in the attorney's overhead."  *Black*, CV 07-00299 DAE-LEK, 2010 WL 653026, at *11.  The Court recommends deducting 7.3[6] hours from Mr. Holcomb's time and 1 hour[7] from Mr. Mac Master's time for the hours spent on client agreements.

### b.  Phone call to Office of Disciplinary Counsel ("ODC")

Defendants contend that the 0.5 hours Mr. Holcomb expended conferring with the ODC about his potential conflict with a 30(b)(6) designee was improper.  ECF No. 126 at 19.  Defendants assert that this time did not advance Plaintiffs' case and thus, should be deducted from Mr. Holcomb's time.  *Id.*  The Court agrees.  The Court recommends deducting 0.5 hours from Mr. Holcomb's time.[8]

### 2.  Duplicative Entries

Defendants argue that approximately 17 hours of the fees requested by Plaintiffs are duplicative.  Defendants assert that Mr. Holcomb and Mr. Mac

---

[6]  Mr. Holcomb spent 7.3 hours on client agreements on 10/24/25-10/28/14, 11/5/14, 12/9/14-12/10/14, and 2/5/15.  ECF No. 124-11 at 1-2.

[7]  Mr. Mac Master spent 1 hour on client agreements on 10/24/14-10/25/14.  ECF No. 124-21 at 1.

[8]  Mr. Holcomb spoke with the ODC on 1/4/16.  *See* ECF No. 124-11 at 14.

Master duplicated "each other's time entries by each billing time for communicating with one another, or attending the same client meeting, hearing, conference or deposition."  ECF No. 126 at 12-13.

Although duplicating time entries is not in and of itself unreasonable, the Court has carefully reviewed the time entries provided by Plaintiffs' counsel and finds that most of the duplicative entries for settlement conferences, co-counsel and client meetings, hearings, and the Rule 30(b)(6) deposition should be reduced.

### a.  Client and Co-Counsel Meetings

As a general rule, two attorneys cannot bill for attending: (1) a meeting between co-counsel; or (2) a client meeting.  *See*, *e.g.*, *Ko'Olina Dev., LLC v. Centex Homes*, Civil No. 09–00272 DAE–LEK, 2011 WL 1235548, at *12 (D. Haw. March 29, 2011); *Nat'l. Comm'n. for Certification of Crane Operators v. Ventula*, Civ. No. 09-00104 SOM-LEK, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010).  Mr. Holcomb and Mr. Mac Master both billed 0.2 hours for a meeting they had with one another on 10/22/14, 1.7 hours for a 10/23/14 meeting with Plaintiff Pelayo, and 0.9 hours and 1 hour, respectively, for another meeting with Plaintiff Pelayo on 10/28/14.  *See* ECF Nos. 124-11 at 1; 124-21 at 1-2.

Defendants contend that while the Court generally would deduct the lower billing attorney's time for duplicate billing, the Court should deduct Mr. Mac Master's time for duplicate entries because Mr. Holcomb was lead counsel.

*See* ECF No. 126 at 23.  The Court agrees.  Mr. Holcomb signed all the pleadings and motions, and expended the majority of the time spent in this litigation. Accordingly, the Court recommends deducting a total of 2.9 hours from Mr. Mac Master's time for the duplicate co-counsel and client meetings.

### b.  Settlement Conferences and Rule 30(b)(6) Deposition

Next, Defendants argue that the Court should deduct all the hours duplicated by Mr. Holcomb and Mr. Mac Master for the settlement conferences and the Rule 30(b)(6) deposition.  *See* ECF No. 126 at 12, 23.  The disputed duplicative time entries are as follows:

| DATE | ATTORNEY | TIME | DESCRIPTION |
|------|----------|------|-------------|
| 08/27/15 | Mr. Holcomb | 0.5 | Attend Settlement Conf. (Post Conf. Meeting with Clients 1.0 NO CHARGE |
|  | Mr. Mac Master | 1.5 | Attend settlement conference and post-conference meetings with clients |
| 11/12/15 | Mr. Holcomb | 0.6 | Attend Settlement Conf. (Post conf. Meeting with Clients .6 NO CHARGE) |
|  | Mr. Mac Master | 1.2 | Attend settlement conference |
| 01/06/15 | Mr. Holcomb | 7 | Conduct Depo - (reduced to 7 hours) |
|  | Mr. Mac Master | 6 | Prepare for and attend 40(b)(6) depo |
| 01/15/16 | Mr. Holcomb | 1.5 | Attend Settlement Conf. |
|  | Mr. Mac Master | 1.5 | Attend settlement conference |

*See* ECF Nos. 124-11; 124-21.

The attendance of conferences and depositions by multiple attorneys is duplicative only with respect to attorneys who merely attend and do not participate. *HRPT Properties Trust v. Lingle*, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011). Thus, when "a plaintiff chooses to retain more than one attorney to prosecute his or her case, the plaintiff, as the applicant for attorneys' fees, has the burden of demonstrating that where more than one attorney is involved, the time requested reflects the distinct contribution of each attorney." *Muegge v. Aqua Hotels & Resorts, Inc.*, No. CIV. 09-00614 LEK, 2015 WL 4041313, at *18 (D. Haw. June 30, 2015) (internal quotations omitted) (citation omitted).

The Court finds that Plaintiffs fail to meet their burden of demonstrating the distinct contribution of each of their attorneys for any of the settlement conferences, necessitating both of their attorneys' participation. Further, the Court is unable to find anything in the record evincing the necessity of both attorneys at each of the settlement conferences. Accordingly, the Court recommends deducting from Mr. Mac Master's time 1.5 hours for the 8/27/15 settlement conference, 1.2 hours for the 11/12/15 settlement conference, and 1.5 hours for the 01/15/16 settlement conference.

The Court similarly finds that the attendance of two attorneys for the 01/06/16 Rule 30(b)(6) deposition was unnecessarily duplicative. Plaintiffs again fail to articulate the distinct contributions of each of their attorneys necessitating both attorneys' attendance at the deposition. In addition, Mr. Mac Master block

billed his time for the deposition, requesting 6 hours to "prepare for and attend 30(b)(6) depo."  ECF 124-21 at 3.

Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task."  *Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc.*, Civ. No. 06–00663 JMS–BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty percent).  Mr. Holcomb requests a total of 7 hours (which Mr. Holcomb states he reduced) for attending the deposition, while Mr. Mac Master requests a total of 6 hours for preparing for and attending the deposition.  Thus, the Court is unable to determine how many of the 6 hours requested by Mr. Mac Master were spent preparing for the deposition and how many hours were spent attending the deposition.  Accordingly, the Court finds that Mr. Mac Master's time was not only duplicative, but was also impermissibly block billed.  The Court recommends deducting 6 hours of the time expended by Mr. Mac Master preparing for and attending the Rule 30(b)(6) deposition.

c. *Hearings*

Defendants also argue that the Court should deduct the time duplicated by Mr. Mac Master and Mr. Holcomb for their time preparing for and attending hearings.  "Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort."  *Democratic Party of Washington*

*State v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004). "Courts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication." *Id*. "Two attorneys may recover fees for their appearances at court proceedings when it is reasonable and necessary for a second chair to appear with lead counsel." *Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*, No. CIV. 11-00500JMS-RLP, 2014 WL 4129522, at *2 (D. Haw. Aug. 18, 2014) (internal quotations omitted) (citation omitted). Here, Defendants dispute the following three hearings for which both of Plaintiffs' attorneys billed:

| DATE | ATTORNEY | TIME | DESCRIPTION |
|---|---|---|---|
| 06/05/15 | Mr. Holcomb | 1.0 | Hearing on Motion for Leave to File/Argued Motion |
| | Mr. Mac Master | 1.2 | Prepare for and attend hearing for Motion to File Second Amended Complaint |
| 09/04/15 | Mr. Holcomb | 0.7 | Hearing on Motion to Dismiss/Argued Motion |
| | Mr. Mac Master | 1.4 | Prepare for and attend hearing for Defendants' Motion to Dismiss |
| 12/10/15 | Mr. Holcomb | 1.0 | MSJ/Collective Hearing |
| | Mr. Mac Master | 1.4 | Attend hearing for Motions for Summary Judgment and Motion to Compel |

The Court finds that one attorney would have sufficed for all but one of the hearings.

First, the 06/05/15 hearing on Plaintiffs' Motion for Leave to File

SAC lasted 15 minutes and did not involve any particularly complex issues.  *See*

ECF No. 42.  Yet, Plaintiffs request a total of 2.2 hours for the time expended by

both attorneys for the 15 minute hearing.  The Court recommends deducting 1.2

hours of Mr. Mac Master's requested time for this hearing.

Second, the Court finds that one attorney would also have been

sufficient for the 09/04/15 Motion to Dismiss hearing.  In its September 30, 2015

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss

Plaintiffs' SAC, the Court found that conversion of a contingent benefit claim was

not recognized by state law and that Plaintiffs had conceded that they were not

asserting a HRS § 388-2 claim based on their silence on the issue in their

Opposition brief.  ECF No. 62 at 1-2.  Accordingly, Plaintiffs were defending their

HRS § 388-6 claim, their FLSA claim, and their unjust enrichment claim.

Plaintiffs fail to articulate, however, why two attorneys were necessary for this

hearing.  Also instructive is that Defendants, who had filed the Motion to Dismiss,

had only one attorney in attendance at this hearing.  *See* ECF No. 59.  Accordingly,

the Court recommends deducting a total of 1.4 hours from Mr. Mac Master's time

for attending the 09/04/15 hearing.

The Court finds, however, that it was reasonable for two attorneys to

appear for the 12/10/15 hearing on: (1) Plaintiffs' Motion To Conditionally Certify

A Collective Pursuant To 29 U.S.C. § 216(b) and Haw. Rev. Stat. § 388-11 And

For An Order Of Notice To The Class; (2) Defendants Platinum Limousine Services, Inc. and Kurt Tsuneyoshi's Motion To Compel Arbitration And For Partial Summary Judgment; and (3) Plaintiffs' Motion For Partial Summary Judgment. *See* ECF No. 100. The hearing lasted over one hour and involved multiple issues resulting in an extensive order by the Court. *See* ECF No. 112. Indeed, Defendants themselves had two attorneys present at this 12/10/15 hearing. Accordingly, the Court finds that Mr. Mac Master's attendance at this hearing was reasonable. *See Democratic Party of Washington State*, 388 F.3d at 1287 ("if, for example, they are there because their assistance is or may be needed by the lawyer arguing the case, as when a judge asks 'where is that in the record, and one lawyer must frantically flip through pages and find the reference to hand to the lawyer arguing, then the assistance is most definitely necessary"). The Court recommends awarding both Mr. Holcomb and Mr. Mac Master all of their time for their attendance at the 12/10/15 hearing.

    3.  Clerical Entries

        Plaintiffs request a total of 24.2 hours for tasks Plaintiffs classify as "paralegal" tasks. "[F]ees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is 'the prevailing practice in a given community.'" *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989). Here, all 24.2 hours requested are for tasks

such as compiling courtesy copies, filing pleadings, communications with the court, and delivering courtesy copies and other documents. *See* ECF No. 124-11.

It is not customary in Hawai'i "to bill for purely clerical or secretarial work separately from attorneys' services." *Frankl v. HGH Corp.*, 2012 WL 1755423, at *8. Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate. *Jeremiah B. v. Dep't of Educ.*, Civil No. 09–00262 DAE–LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010). Counsel has been warned on a previous occasion for billing for such clerical tasks. *See De-Occupy Honolulu v. City & Cnty of Honolulu*, Civ. No. 12-668, ECF No. 221 at 45. The Court reiterates for counsel that the following tasks have been deemed clerical in this district and are therefore, non-compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

*Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.*, No. CIV. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted by* 2010 WL 5395669 (D. Haw. Dec. 22, 2010).

The Court finds that all of the 24.2 paralegal hours requested by Plaintiffs are for clerical tasks. In fact, a majority of the requested hours are for

copying, compiling, and delivering courtesy copies.  Accordingly, the Court

recommends deducting 24.2 hours from the requested paralegal hours.[9]  *See United*

*States v. Chung*, No. CIV. 07-00570 ACK-BMK, 2010 WL 5387561, at *2 (D.

Haw. Oct. 22, 2010), *adopted by* 2010 WL 5388006 (D. Haw. Dec. 17, 2010)

(reducing work done by the paralegal for hours spent sending a caption to an

attorney, following up on how to file an Errata, and sending courtesy copies to the

Court).

The Court further finds that 7.1 hours of Mr. Holcomb's requested

time is for calculating days worked by Plaintiff Pelayo and calculating damages for

him.  *See* ECF No. 124-11 at 4, 7.  The Court finds that not only are these tasks

clerical, the amount of hours requested for these tasks are excessive.[10]  *See Chung,*

2010 WL 5387561, at *2 (reducing attorney hours for time defendants' counsel

spent calculating amounts owed to defendants because the task was "clerical or

ministerial").  The Court recognizes, however, that due to the nature of this case,

performing certain calculations was necessary in furtherance of this litigation.

Accordingly, the Court recommends awarding a paralegal rate of $85.00 for these

---

[9]   Plaintiffs' paralegal spent a total of 24.2 hours on 10/6/15, 10/12/15-10/13/15, 10/23/15, 11/2/15-11/3/15, 11/17/15, 11/24/15-11/25/15, 12/24/15, 1/5/15, 1/22/15, 3/13/15-3/14/15, 3/20/15, 4/9/15, 4/13/15, 4/27/15-4/28/15, 6/8/15-6/9/15, 8/3/15, 8/17/15, 1/13/16, 2/8/16, 2/23/16.  ECF No. 124-11.

[10]   Mr. Holcomb spent a total of 7.1 hours performing calculations related to Plaintiff Pelayo's damages on 3/4/15, and 10/6/15-10/7/15.  *See* ECF No. 124-11 at 4, 7.

hours, but also reducing the amount of hours expended performing these tasks to 3.7 hours.

### 4. Excessive Time

Defendants assert that the Court should reduce or eliminate the following unnecessary hours expended by Plaintiffs in this litigation: (1) 25.5 hours spent on their SAC; (2) 14 hours spent on their Motion to Compel; (3) 32.5 hours spent on their Rule 30(b)(6) deposition; and (4) 5.6 hours spent on their fee motion.  ECF No. 126 at 24-25.

Defendants argue that Plaintiffs should have plausibly pled their claims no later than the FAC; thus, the needlessly detailed 194-paragraph, 108-page SAC was excessive.  *Id.*  Second, Defendants argue that the 14 hours spent on the Motion to Compel could have been avoided entirely if Plaintiffs had initiated expedited discovery assistance.  ECF No. 126 at 25.  Third, Defendants argue that Plaintiffs deposed the Rule 30(b)(6) witness less than a week and half before settling, and never used the deposition in any way nor did the Plaintiffs explain the need for the deposition.  *Id.*  Finally, Defendants argue that 5.6 hours of the 31.1 hours spent by Plaintiffs on the instant Motion were excessive because the Motion simply rehashed failed arguments previously presented to the Court about the Laffey Index, the cost of living in Hawaii, and the fees awarded to attorneys on rail project litigation.  *Id.*

The Court has carefully reviewed the time spent on each of these categories and for the reasons discussed below, finds that the 41.9 hours spent on the Complaint and its subsequent amendments, the 13.3 hours expended on the Motion to Compel, the 31.1 hours spent on the instant Motion, and the 11.9 hours expended on the Reply for the Motion are excessive.  The Court also finds that the 9.4 hours requested by Plaintiffs for the time spent by Mr. Holcomb on the Supplemental Brief is excessive.

### a.  Time Spent on the Complaints

The Court finds that the 41.9 hours requested by Plaintiffs for the Complaint and its subsequent amendments are excessive.  First, Plaintiffs spent nearly double the amount of hours expended on the original Complaint and FAC on their SAC; however, according to Plaintiffs' own admission, the SAC "was entirely based upon the Complaint, even borrowing language verbatim."  ECF No. 128 at 15.  Nonetheless, Plaintiffs argue that they should not be penalized for "being too thorough," citing in support, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  *Moreno* is inapposite to this case.

The Ninth Circuit explained in *Moreno* that, unlike civil rights cases where a plaintiff's lawyer is more likely to engage in "churning" unnecessary time on the cases, lawyers in contingency cases are not likely to spend unnecessary time in the hope of inflating their fees because the payoff is too uncertain as to the result and the amount of fee.  *Id.*  The Court thus held that in contingency cases, "the

court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id.*

The instant case is not a contingency case; it is a fee shifting case. *See* ECF No. 124-1 at 24 ("Plaintiffs' lawyers did not collect any contingency fee of any damages award. Counsel is relying solely on the awarded fee."). Accordingly, Plaintiffs' reliance on *Moreno* misses the mark.

Plaintiffs expended a total of 13.3 hours on the Complaint, 2.8 hours on the FAC, and 25.8 hours on the SAC;[11] however, the Complaint and FAC contained eight causes of action while the SAC contained only four. *See* ECF Nos. 5, 43. Although the SAC included an additional 28 pages of "specific factual allegations" that were not included in the Complaint or FAC, Plaintiffs fail to articulate why the additional specific factual allegations added to the SAC could not be included in the previous complaints.

The Court finds that 25 hours is a reasonable amount of time for the Complaint and subsequent amendments given there were only four claims against two related defendants in this litigation. *See Black v. City, Cty. of Honolulu*, No. CV 07-00299 DAE-LEK, 2010 WL 653026, at *12 (D. Haw. Feb. 22, 2010), *amended by* 2010 WL 3940979 (D. Haw. Sept. 29, 2010), *aff'd*, 512 F. App'x 666

---

[11]   Mr. Holcomb worked on the Complaint on 11/10/14, 11/11/14, 12/9/14, 12/11/14, and 12/15/14 (*see* ECF No.124-11 at 10); the FAC on 1/20/15-1/21/15) (*see id.*); and the SAC on 2/25/15, 3/5/15, 3/6/15, 3/9/15, 3/12/15, 4/24/15 (*see id.* at 11).

(9th Cir. 2013) (finding 50 total hours expended on a complaint and first amended

complaint reasonable where there were 22 different claims against 15 different

defendants).  Accordingly, the Court recommends deducting 16.9 hours from Mr.

Holcomb's time.

### b.  Time Spent on the Motion to Compel

Plaintiffs request a total of 13.3 hours for the time expended by Mr.

Holcomb on the Motion to Compel.  *See* ECF No. 124-11 at 17.[12]  In their Motion

to Compel, Plaintiffs' requested a total of seven pages related solely to Mr.

Manankil's employment with Defendants.  Defendants argue that the Motion to

Compel was unnecessary and that Defendants reasonably withheld the documents.

*See* ECF No. 126 at 17.  The Court disagrees.

First, contrary to Defendants' arguments, Plaintiffs are not required to

seek expedited discovery assistance.  Such assistance is offered to counsel by the

Local Rules, but is not required in discovery disputes.  Second, Defendants' refusal

to cooperate with Plaintiffs necessitated Plaintiffs' filing of the Motion to Compel.

Defendants refused to produce the documents relating to Mr. Manankil, arguing

that the seven pages would be produced after the Court had decided on the Motion

to Compel Mr. Manankil to arbitrate his claims.  *See* ECF No. 92.  Despite these

assertions, the Court granted Plaintiffs' Motion to Compel and ordered Defendants

---

[12]  Mr. Holcomb worked on the Motion to Compel on 10/29/15, 10/30/15, and 11/2/15.  *See* ECF
No. 124-11 at 17.

to produce the documents.  ECF No. 101.  Notably, however, the Court declined to award any fees and costs associated with Plaintiffs bringing the Motion to Compel. *See* ECF No. 101.

Notwithstanding the fact that Defendants forced Plaintiffs to file the Motion to Compel to obtain the pages related to Mr. Manankil's employment, the Court finds that Plaintiffs requested hours for the time expended on the motion is excessive.  The Motion to Compel consisted of a fourteen page Memorandum in Support of the Motion to Compel, eight pages of which were devoted entirely to introductory and background information.  *Id*.  Accordingly, the Court recommends reducing the hours expended by Mr. Holcomb on the Motion to Compel by 50%, thus deducting 6.7 hours from Mr. Holcomb's time.

### c.  Time Spent on the Attorneys' Fees Motion

Next, the Court finds that the 31.1 hours requested by Mr. Holcomb for the time spent on the instant Motion and the additional 11.9 hours requested by Mr. Holcomb for the time expended on the Reply are excessive.

As explained in the previous section, Plaintiffs spent 13 pages of their 30-page Motion solely on the issue of a fair hourly rate.  These 13 pages appear to be taken directly from previous attorneys' fees motions submitted by Mr. Holcomb to this Court.  *See Haw. Def. Found*., Civ. No. 12-00469 JMS-RLP, ECF No. 56; *De-Occupy Honolulu v. City & Cnty of Honolulu*, No. Civ. 12-00668 JMS-KSC, ECF No. 205 at 18-34.  In addition, several of the exhibits in Volume 2 of the

instant Motion have also been submitted in these previously filed attorney's fees motions.  Accordingly, it appears that a large portion of the instant Motion consists of arguments and exhibits used in previously filed fee motions in unrelated cases in this district.  The Court thus recommends reducing the hours spent by Mr. Holcomb on the instant Motion by 50%, thus deducting 15.5 hours from Mr. Holcomb's time.

The Court also finds that 11.1 hours requested by Plaintiffs for drafting the Reply is excessive.  Plaintiffs Reply consists of 17 pages, nearly 6 of which are again devoted to rehashing arguments from the Motion regarding reasonable hourly rates.  The Court recommends reducing the hours spent by Mr. Holcomb on the Reply by 50%, thus deducting 5.5 hours from Mr. Holcomb's time.

### d.  Time Spent on the Rule 30(b)(6) Deposition

Plaintiffs request 7 hours for the time expended by Mr. Holcomb conducting the Rule 30(b)(6) deposition.[13]  Despite Defendants' arguments that the deposition was unnecessary, the Court finds that it was reasonable for Plaintiffs to take Defendant Platinum's 30(b)(6) deposition even if the deposition was scheduled less than a week and a half before settling and was never used in this case.  There were no guarantees that the case would settle, and it was reasonable

---

[13]  Plaintiffs also requested 6 additional hours for the time spent by Mr. Mac Master at the deposition, which the Court recommended deducting as duplicative in section B.2.b.

for Plaintiffs to depose Defendant Platinum to prepare for trial.  Accordingly, the Court finds that the 7 hours Mr. Holcomb expended on the Rule 30(b)(6) deposition was reasonable.  The Court finds, however, that the time expended by Mr. Holcomb preparing for the deposition is excessive.

Mr. Holcomb spent a total of 19.4[14] hours preparing for the Rule 30(b)(6) deposition.  *See* ECF No. 124-11 at 14.  Of these hours, 14.6 hours were spent compiling and organizing the outline of questions for the deposition, and compiling exhibits for the deposition.  *See id.*  The Court finds that these hours are excessive and that the entries lack sufficient explanation as to why these hours were necessary.  Accordingly, the Court recommends reducing the hours expended by Mr. Holcomb preparing for the deposition by 50%, thus deducting 9.7 hours from Mr. Holcomb's time.

### e. Time Spent on the Supplemental Brief

Plaintiffs request an additional $2,820.00 plus GET for the 9.4 hours Mr. Holcomb expended on the Supplemental Brief.  *See* ECF No. 133-1 at 6. The Court finds this amount excessive.  Plaintiffs spent five of their ten-page Supplemental Brief complaining about Defendants' behavior during the litigation and rehashing arguments about why they are entitled to the full amount of attorneys' fees requested in their Motion.  *See* ECF No. 133 at 7-11.  The Court

---

[14]  Mr. Holcomb expended 2.2 hours preparing for the deposition on 1/4/16, 16.2 hours on 1/5/16, and 1 hour on 1/6/16.  *See* ECF No. 124-11 at 14.

thus finds that half of their Supplemental Brief was unrelated to the Court's Order to provide supplemental briefing on the fairness of the settlement between the parties. Accordingly, the Court recommends deducting 4 hours from Mr. Holcomb's time, thus awarding 5.4 hours for the time spent by Mr. Holcomb on the Supplemental Brief.

C.      Reduction for Partial Success

After reducing Mr. Holcomb's and Mr. Mac Master's requested hourly rates and deducting their hours for the reasons discussed above, the lodestar figure is as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Richard Holcomb | 314.9[15] | $200.00 | $62,980.00 |
| Timothy Mac Master | 34.1[16] | $285.00 | $9,718.50 |
| Paralegal Hours | 3.7[17] | $85.00 | $314.50 |
| SUBTOTAL | 352.7 | | $73,013.00 |
| Hawaiʻi GET 4.712% | | | $3,440.37 |

---

[15] 366.8 + 11.9 (Reply for Fees Motion) + 9.4 (Supplemental Brief) = 388.1 hours. 388.1 hours – 7.3 (client agreements) – 0.5 hours (call to ODC) – 16.9 hours (Complaint, FAC, SAC) – 15.5 hours (fees motion) – 5.5 hours (Reply for Fees Motion) – 7.1 hours (paralegal time calculating days and hours) – 6.7 hours (Motion to Compel) – 9.7 hours (preparing for depositions) – 4 hours (Supplemental Brief) = 314.9 hours.

[16] 50.3 hours + 0.5 (Reply for Fees Motion) = 50.8 hours. 50.8 hours – 1 hour (client agreements) – 2.9 hours (duplicate co-counsel and client meetings) – 1.5 hours (duplicative 8/27/15 settlement conference) – 1.2 hours (duplicative 11/12/15 settlement conference) – 1.5 hours (duplicative 1/15/16 settlement conference) – 1.2 hours (duplicative 6/5/15 hearing) – 1.4 hours (duplicative 9/4/15 hearing) – 6 hours (duplicative Rule 30(b)(6) deposition = 34.1 hours.

[17] 7.3 hours worked on 3/4/15 and 10/6/15-10/7/15 x 50% = 3.7 hours. *See* ECF No. 124-11 at 4, 7.

| TOTAL | | | **$76,453.37** |
|-------|--|--|---------------|

Defendants assert that even after making appropriate deductions, the Court should further reduce Plaintiffs' attorneys' fees because Plaintiffs' success in this case was limited. *See* ECF No. 156 at 26-27. Defendants contend that Plaintiffs' settlement represented only a small fraction of all claims and that the total award was even less than the amount the Department of Labor believed Plaintiff Pelayo was owed in overtime violations. ECF No. 126 at 27. Defendants thus argue that the attorneys' fee award should be adjusted downward by 90%.

"It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also In re Bluetooth Headset Products Liab. Litig*., 654 F.3d at 942 (stating that the benefit obtained for a plaintiff class is the most important factor in considering a reasonable fee). "[W]here the plaintiff has achieved 'only limited success,' counting all hours expended on the litigation—even those reasonably spent—may produce an 'excessive amount.'" *Id.* (citing *Hensley*, 461 U.S. at 436). The Supreme Court has thus instructed district courts to "award only that amount of fees that is reasonable in relation to the results obtained." *Id. See also LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993) (holding that although there is no

precise formula for determining the extent to which a party has prevailed, the

district court "has discretion in determining the amount of a fee award") (citing

*Hensley*, 461 U.S. at 437).

Here, the relief sought and obtained was limited to money;

accordingly, "success" simply refers to the amount of money obtained by

Plaintiffs.  *See McGinnis*, 51 F.3d at 810 ("Where the relief sought and obtained is

limited to money, the terms 'extent of success' and 'level of success' are

euphemistic ways of referring to money.").  Based on the ultimate success obtained

by Plaintiffs, *i.e.* $5,575.00, the Court finds than an award of $73,103.00 in fees

would be excessive.

Plaintiffs' Motion seeks a total of $141,347.00 in attorneys' fees—

over 25 times the amount Plaintiffs obtained from Defendants to settle the claims.

Even the current lodestar figure reflects a number 13 times the amount Plaintiffs'

recovered from Defendants.  The Court finds that the final lodestar figure is not

reasonable in relation to the results obtained.  No reasonable person would pay a

lawyer $141,347.00 or even $73,013.00 to win $5,575.00.  *Id.* ("no reasonable

person would pay lawyers $148,000 to win $34,000").  *See also Hoffman v.

Constr. Protective Servs., Inc.*, No. EDCV03-01006VAPSGLX, 2006 WL

6105638, at *6 (C.D. Cal. Aug. 31, 2006) (citing *Cole v. Wodziak*, 169 F.3d 486,

488 (7th Cir. 1999) ("A fee 19 times the damages . . . is off the map.")).

Accordingly, the Court finds that an across the board reduction of 30% of the

current lodestar figure is appropriate.  *Schwarz v. Sec'y of Health & Human Servs.*,
73 F.3d 895, 905 (9th Cir. 1995) ("a district court does not abuse its discretion
when it resorts to a mathematical formula, even a crude one, to reduce the fee
award to account for limited success").

The Count thus recommends awarding $51,109.10[18] in attorneys' fees
and $2,408.26 in GET for a total fee award of $53,517.36.  *See Butler v.
Homeservices Lending LLC*, No. 11-CV-02313-L MDD, 2014 WL 5460447, at *9
(S.D. Cal. Oct. 27, 2014) (awarding $446,282.44 in fees for a jury verdict amount
of $48,900.75 for FLSA claims); *Van Dyke v. BTS Container Serv., Inc.*, No.
CIV.08-561-KI, 2009 WL 2997105, at *1 (D. Or. Sept. 15, 2009) (awarding
$33,820 in fees for a judgment amount of $3,949.27 for state wage claims and
FLSA claims).

### III.  Costs

In addition to attorney's fees, FLSA mandates an award of costs.  29
U.S.C. § 216(b); *Yue Zhou*, 2007 WL 2298046, at *3.  Plaintiffs request a total of
$3,131.76 consisting of the following costs: $515.00 for court fees; $50.00 for
service of summons and subpoena fees; $2,087.01 for transcript fees, and $479.75
for printing fees.  *See* ECF No. 124-13.  Defendants object to the transcript fee of
$2,087.01, arguing that Plaintiffs never used the deposition and that the cost was

---

[18]   $73,013.00 * 1/3 = $51,109.10.

wholly unreasonable because it represented 37% of the total amount of the settlement payment.  *See* ECF No. 126 at 18.

As discussed above, the Court finds that it was reasonable for Plaintiffs to depose Platinum in preparation of trial.  Accordingly, the Court also finds that it was reasonable for Plaintiffs to incur fees to obtain the transcript of the deposition.  The Court further finds that all other costs requested by Plaintiffs were reasonable.  The Court thus recommends awarding Plaintiffs $3,131.76 in costs.

<u>CONCLUSION</u>

For the foregoing reasons, the Court FINDS and RECOMMENDS that the Plaintiffs' Motion for Award of Attorney's Fees be GRANTED IN PART AND DENIED IN PART.  First, the Court RECOMMENDS approving the underlying settlement.  Second, the Court RECOMMENDS awarding Plaintiffs $53,517.36 in attorneys' fees and $3,131.76 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaiʻi, June 6, 2016.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 15-00023 DKW-KJM; *Pelayo, et al. v. Platinum, et al*; FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS