UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ARSENIO PELAYO, FRANCIS MANANKIL, and BRANDON BORELIZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>PLATINUM LIMOUSINE SERVICES, INC., KURT TSUNEYOSHI, and DOES 1-10,<br><br>　　　　　Defendants. | CIVIL NO. 15-00023 DKW-KJM<br><br>**ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

**ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

Both parties object to portions of the Magistrate Judge's June 6, 2016

Findings and Recommendation ("F&R"), granting in part and denying in part

Plaintiffs' post-settlement motion for attorneys' fees and costs.[1]

---

[1]The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

The Court adopts the conclusions of the F&R as to numerous specified time deductions, and the appropriate hourly rate for Plaintiffs' paralegal.  The Court modifies the F&R with respect to the reasonable hourly rates for Plaintiffs' attorneys and awards $225 per hour to Richard Holcomb, Esq. and $310 per hour to Timothy Mac Master, Esq., respectively.  The Court also modifies the F&R and employs a 50 percent reduction in the lodestar amount to account for the level of success achieved in this action.

As more fully explained below, the Court awards Plaintiffs attorneys' fees of **$44,785.58** and costs of **$3,131.76**.

## BACKGROUND

### I.  Plaintiffs' Claims and Settlement

Limousine driver-employees filed a collective action against Platinum Limousine Services, Inc. ("Platinum") and its principal, Kurt Tsuneyoshi, alleging that Defendants failed to pay wages and expenses for various employment-related activities, as required by state and federal law.  Following amendment of the complaint, and the partial granting of Defendants' motion to dismiss on September 20, 2015, the following claims remained: (1) violation of Hawaii Revised Statutes ("HRS") § 388-6 for failure to timely pay wages due (Count 1); (2) unjust enrichment (Count 3); and (3) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Count 4).  *See* Dkt. No. 62.

In a December 30, 2015 order, the Court denied Plaintiffs' motion to conditionally certify a collective action under FLSA § 216(b) and HRS § 388-11(a), granted Platinum's motion to compel arbitration of the claims brought by Manankil and two putative plaintiffs, and held the parties' motions for summary judgment in abeyance pending further settlement discussions.  *See* Dkt. No. 112. January 15, 2016 settlement discussions with the Magistrate Judge succeeded, concluding with the placement of a settlement on the record.  *See* Dkt. No. 122. As described more fully in the F&R:

> The parties participated in three settlement conferences with Magistrate Judge Barry M. Kurren on August 27, 2015; November 12, 2015; and January 15, 2016.  *See* ECF Nos. 57, 82, 122.  With Judge Kurren's assistance, Plaintiff Pelayo and Plaintiff Boreliz entered into a Settlement Agreement and General Release (the "Settlement Agreement") with Defendants for $5,000 and $575, respectively.  *See* ECF No. 124-12.  The parties agreed to submit the issue of Plaintiffs' attorneys' fees to the Court in the Settlement Agreement.  *Id.* at 1.  The Settlement Agreement explicitly provides that the filing of a Stipulated Dismissal "shall not divest the Court of jurisdiction to determine the amount of attorneys' fees and award those fees or otherwise enforce [the Settlement Agreement]."  ECF No. 124-12 at 2.  The Stipulation for Dismissal with Prejudice was filed on February 10, 2016.

F&R at 6-7.

## II.   Attorneys' Fees Awarded By The F&R

The Magistrate Judge first scrutinized the Settlement Agreement pursuant to the FLSA, finding it was a fair and reasonable resolution of a bona fide dispute

over FLSA provisions.  *See* F&R at 7-11 (citing *Almodova v. City & Cnty. of Honolulu*, 2010 WL 1372298, at *3 (D. Haw. Mar. 31, 2010), *adopted by*, 2010 WL 1644971 (D. Haw. Apr. 20, 2010)).

The F&R next addressed the determination of attorneys' fees under the FLSA's mandatory fee- and cost-shifting provision, 29 U.S.C. § 216(b).  Plaintiffs requested fees for three timekeepers: attorneys Richard Holcomb ($300 per hour), Timothy Mac Master ($450 per hour), and a paralegal ($85 per hour).  The Magistrate Judge found that the requested hourly rates for Mr. Holcomb and Mr. Mac Master were excessive based upon the community's prevailing rates, the hourly rates generally granted by the court, and Plaintiffs' counsels' submissions. F&R at 15.  Instead, he recommended a reasonable hourly rate of $200 per hour for Mr. Holcomb and $285 for Mr. Mac Master.  F&R at 15-18.  The unnamed paralegal's rate of $85 per hour was found to be reasonable.  F&R at 19-20.

With respect to hours reasonably expended, the Magistrate Judge recommended deducting time spent on the following tasks that did not contribute to the litigation of the case: (1) 7.3 hours from Mr. Holcomb's time and 1 hour from Mr. Mac Master's time spent on client agreements; and (2) 0.5 hours that Mr. Holcomb expended conferring with the Office of Disciplinary Counsel ("ODC") about his potential conflict with a Rule 30(b)(6) designee.  F&R at 21-22.  The Magistrate Judge further recommended that certain duplicative time entries for

settlement conferences, co-counsel and client meetings, hearings and Rule 30(b)(6)

depositions attended by both Mr. Holcomb and Mr. Mac Master be reduced.  F&R

at 22-29.  The Magistrate Judge also deducted 24.2 hours of paralegal time that

was deemed "clerical" and that should have been absorbed as an overhead expense,

and reduced 7.1 hours of Mr. Holcomb's time as both clerical and excessive.  F&R

at 30-31.  Next, the Magistrate Judge recommended deducting excessive time spent

on the following tasks: (1) 16.9 hours of Mr. Holcomb's time expended on drafting

the various complaints; (2) 6.7 hours of Mr. Holcomb's time devoted to Plaintiffs'

motion to compel production of Manankil's records; (3) 15.5 hours of Mr.

Holcomb's time incurred drafting Plaintiffs' attorneys' fees motion and 5.5 hours

for the reply; (4) 9.7 hours of Mr. Holcomb's time spent preparing for the Rule

30(b)(6) deposition; and (5) 4 hours of Mr. Holcomb's time spent on a

supplemental brief.  F&R at 32-39.

Finally, the Magistrate Judge recommended a 30 percent reduction of the

lodestar figure based on Plaintiffs' limited success in the litigation.  He found that

an award of $73,103.00 in fees would be excessive based on the ultimate success

obtained by Plaintiffs – a combined settlement amount of $5,575.00.  F&R at 41.

The Magistrate Judge recommended awarding $51,109.10 in attorneys' fees and

$2,408.26 in GET for a total fee award of $53,517.36.  F&R at 42.  He found that

all costs requested by Plaintiffs were reasonable, thereby recommending an award

of costs in the amount of $3,131.76.[2]  F&R at 43.  Both sides object in part to the F&R.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a *de novo* hearing.  However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).  The district judge may accept the

---

[2]Neither party objects to the award of costs.

portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. *See United States v. Bright*, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Fed. R. Civ. P. 72(b) advisory committee's note.

## DISCUSSION

### I.  The Parties' Objections

Plaintiffs assert that: (1) the awarded hourly rates are too low; (2) hours were improperly deducted for time spent working on retainer agreements and the phone call to ODC; (3) hours should not have been reduced for duplicative billing; (4) no deduction was warranted for clerical entries; (5) counsel did not spend excessive time on the case; and (6) the award should not be further reduced by 30 percent. Platinum's lone objection concerns the lodestar reduction. Platinum asserts that the Magistrate Judge's 30 percent decrease did not go far enough, and suggests that 80 percent is appropriate. Each contention is addressed below.

### A.  Reasonable Hourly Rate

Plaintiffs object to the Magistrate Judge's reduction of the reasonable hourly rates for Messrs. Holcomb and Mac Master. They contend that: (1) the rate non-indigent clients are charged in other types of cases is the amount that should be awarded in fee-shifting cases; (2) Mr. Holcomb was awarded the same rate that he

was awarded for work done four years ago and is due an increase; and (3) the awarded rate is not adequate to attract counsel to cases like this one.

Under federal law, reasonable attorneys' fees are generally based on the traditional lodestar calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In determining the reasonable hourly rate, some of the relevant factors to consider include the level of skill required, time limitations, the amount involved in the litigation, the attorney's reputation and experience, the quality of the representation, the attorney's success or failure in the outcome, and the undesirability of the case.  *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986).

Despite Plaintiffs' argument to the contrary, it is well-established that a reasonable hourly rate should reflect the "prevailing market rates in the relevant community," *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir.  2013), which generally "is the forum in which the district court sits."  *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454 (9th Cir. 2010).  "Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards."  *Gonzalez*, 729 F.3d at 1206 (citing *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005)); *see also S.E.C. v. Gemstar-TV Guide Int'l, Inc.*, 401 F.3d 1031, 1056 n.8 (9th Cir. 2005) ("[I]t is "the fee applicant [that] has the burden of producing satisfactory evidence, in addition to the affidavits of its

counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.") (quoting *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)).

Plaintiffs submitted declarations from six attorneys and one local plumber in support of their fee request,[3] along with several exhibits demonstrating the high cost-of-living in Honolulu relative to other jurisdictions where awarded rates are much higher.  However, it is irrelevant that attorneys in other districts may receive higher hourly rates or that Hawaii has a higher cost-of-living and lower salary ranges.[4]  Rather, the Court must determine a reasonable hourly rate in this market, based on the hourly rate, experience, skill, and reputation of the attorneys requesting the fees.  *See Sunday's Child, LLC v. Irongate Azrep BW LLC*, 2014 WL 2451560, at *2-*3 (D. Haw. May 30, 2014) (Modifying in part F&R to award

---

[3]Other judges within this district have addressed this very same plumber's declaration.  *See, e.g., Roberts v. City & Cnty. of Honolulu*, 2016 WL 3136856, at *6 (D. Haw. June 3, 2016) ("The hourly rate charged by a plumber is completely inapposite to that charged by an attorney in this district, and the Court will not rely on this evidence in determining an award of attorneys' fees in a civil rights case.").  This Court, likewise, finds the plumber's rate irrelevant.

[4]The Laffey Matrix and evidence regarding the cost of living in Hawaii do not address the applicable standard for determining a reasonable hourly rate, *i.e.*, they are not evidence of the prevailing rates within the District of Hawaii.  *See Prison Legal News*, 608 F.3d at 454 ("[J]ust because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away."); *Lema v. Comfort Inn Merced*, 2014 WL 1577042, at *4 (E.D. Cal. Apr. 17, 2014) ("The Laffey Matrix is inapplicable to the determination of market rates in both the Ninth Circuit and the Eastern District."); *JJCO, Inc. v. Isuzu Motors Am., Inc.*, 2010 WL 3001924, at *5 (D. Haw. July 30, 2010), *F&R adopted as modified*, 2010 WL 4272980 (D. Haw. Oct. 21, 2010) (rejecting Laffey Matrix as evidence of prevailing market rates in Hawaii).

attorneys' fees at higher requested rate "in line with the prevailing rates for comparable attorneys in the community.").

First, to the extent Plaintiffs argue that they are entitled to the rate non-indigent clients are charged in other types of cases, "there is a distinction between the prevailing rates in the community, *i.e.*, what one might charge and collect from a client, and the prevailing rates awarded by the Court." *Onishi v. Redline Recovery Servs., LLC*, 2010 WL 5128723, at *2 n.1 (D. Haw. Nov. 12, 2010), *adopted by*, 2010 WL 5128720 (D. Haw. Dec. 9, 2010); *see also Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1275 (D. Haw. 2013) ("[T]he Court is guided by the hourly rates generally awarded in this district, not the amounts charged to clients, nor rates that appear to be outliers."). Moreover, in support of their Motion for Attorneys' Fees and Costs, Plaintiffs submitted declarations from multiple attorneys attesting to the hourly rates they bill clients. However, these declarations fail to indicate the amount any of these attorneys are actually able to collect from paying clients.

Second, Plaintiffs note that Mr. Holcomb has continuously been awarded the same hourly rate with no upward deviation for several years, despite gaining additional expertise and experience with the passage of time. Plaintiffs thus contend that fees in this district are subject to an artificial "cap," as exemplified by the following language in the Magistrate Judge's F&R:

10

> The Court will not disturb hourly rates awarded in this district without reasoning legally sufficient to warrant overruling the extensive body of law existing on prevailing attorney rates in this district.

F&R at 17.  Plaintiffs assert that this purported "cap" on fees imposes a "strait-jacket" on counsel, with the court effectively "holding the line" on fees in this district, as was the case in *Moreno v. City of Sacramento*:

> District judges can certainly consider the fees awarded by other judges in the same locality in similar cases.  But adopting a court-wide policy—even an informal one—of "holding the line" on fees at a certain level goes well beyond the discretion of the district court.  One problem with any such policy is that it becomes difficult to revise over time, as economic conditions change; here the rate apparently hadn't changed for 10 years, and even a $50 increase in the hourly rate was considered a "big step ... for the court generally."  Unless carefully administered and updated, any such policy becomes a strait-jacket.  More fundamentally, such a policy—no matter how well intentioned or administered—is inconsistent with the methodology for awarding fees that the Supreme Court and our court has adopted.  The district court's function is to award fees that reflect economic conditions in the district; it is not to "hold the line" at a particular rate, or to resist a rate because it would be a "big step."  If the lodestar leads to an hourly rate that is higher than past practice, the court must award that rate without regard to any contrary practice.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).  The Court, however, is not aware of a similar "cap" on fees in this district.  Nor do Plaintiffs make any comparable showing that fee awards have remained fixed in the preceding ten years.  *See also Roberts*, 2016 WL 3136856, at *7 ("There is no evidence that rates awarded by this district have remained unchanged for anywhere

near the past ten years, a practice that occurred in Sacramento about which the Ninth Circuit expressed concern in *Moreno*.").

As to Plaintiffs' third argument, that the awarded rate is not adequate to attract counsel to these types of cases, the Court has carefully reviewed the record in this matter and acknowledges counsel's representation that low hourly rates can deter counsel from representing indigent clients, especially where fee-shifting statutes provide the sole basis for compensation and where contingency fee supplementation is not permitted. *See* Holcomb Decl. ¶¶ 44-50 (Dkt. No. 124-10).

Mr. Holcomb has practiced law since 2005. Mr. Mac Master has practiced law since 1989. Although the rate recommended by the F&R was very recently awarded to Mr. Holcomb,[5] and the rates awarded to both Mr. Holcomb and Mr. Mac Master are well within the range of reasonable for counsels' experience, the Court finds that a modest upward adjustment in the hourly rate for both timekeepers is warranted in the instant case. *See Hawaii Defense Foundation v. City & Cnty. of Honolulu*, 2014 WL 2804448, at \*5 n.6 (D. Haw. June 19, 2014) (collecting cases "discussing the prevailing hourly rates in this district"). Such an adjustment is designed to place counsel at the higher end of reasonable rates in this community, given the nature of this case, to ensure the availability of representation in cases where damages are low or non-existent, and to avoid

---

[5]*See Roberts*, 2016 WL 3136856, at \*7 (awarding $200 per hour to Mr. Holcomb on June 3, 2016).

stagnation of rates over time.  The Court therefore MODIFIES the hourly rates for

Mr. Holcomb to $225 and Mr. Mac Master to $310, respectively.

### B.   <u>Deductions For Tasks That Did Not Advance The Case</u>

The Magistrate Judge deducted 7.3 hours from Mr. Holcomb and 1 hour

from Mr. Mac Master's time spent drafting client agreements and conflict waivers

for the multiple clients involved in the matter.  Although client agreements and

conflict waivers are necessary to counsels' professional relationship with Plaintiffs,

case law makes clear that they are subsumed in the costs of attorney overhead.  *See*

*Booth v. Wong*, 2015 WL 4663994, at *5 (D. Haw. July 17, 2015), *F&R adopted*

*by*, 2015 WL 4676343 (D. Haw. Aug. 5, 2015) ("[T]he Court deducts the hours

billed for work on the fee agreement between co-counsel and client retainers.");

*Black v. City & Cnty. of Honolulu*, 2010 WL 653026, at *11 (D. Haw. Feb. 22,

2010) (finding that work on client agreements is not compensable, even though

such work is necessary to the professional relationship, because it did not

contribute to the litigation of the plaintiff's claims).  Accordingly, the time spent

on client agreements that did not contribute to the litigation of Plaintiffs' claims

was properly deducted.

Next, the Magistrate Judge deducted 0.5 hours from Mr. Holcomb's time for

a telephone call to ODC to confer regarding his potential conflict with a Rule

30(b)(6) designee who was a former client.  The Court does not quarrel with

Plaintiffs' characterization of the time spent as necessary to ensure that ethical

obligations were met.  However, as with time spent on client agreements and

conflict waivers, such time is not necessarily compensable where it is part of any

attorney's overhead and does not contribute to the litigation of Plaintiffs' claims,

even if necessary to the professional relationship.  *See Booth*, 2015 WL 4663994,

at *5.  The Court agrees that the Magistrate Judge properly deducted 0.5 hours

from Mr. Holcomb's time for the telephone call to ODC.

### C.   Deductions For Duplicative Time Entries

Plaintiffs object to the specific deductions for duplicative billing and request

compensation at Mr. Mac Master's rate for the 15.7 hours cut from his time.  "As a

general rule, the Court does not permit more than one attorney to bill for attending:

(1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with

opposing counsel."  *Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*, 871

F. Supp. 2d 1040, 1055 (D. Haw. 2012).  "In such a situation, the Court typically

deducts the time spent by the lowest-billing attorney."  *Id*.

Citing to *Democratic Party of Washington State v. Reed*, 388 F.3d 1281 (9th

Cir. 2004), Plaintiffs argue that Mr. Mac Master "specifically contributed" in each

of the "duplicative events," but that "even if he had not, it *may have been*

necessary for him to assist."  Plaintiffs' Objections at 17 (emphasis in original).

*Reed* set forth appropriate scenarios for multiple attorneys to bill for the same

activity, such as when a second attorney's assistance is required in arguing a case before a judge, or when a second attorney will be arguing a case going forward and therefore needs to observe argument before a judge in order to prepare for later proceedings. *Reed*, 388 F.3d at 1286-87. Such is not the case here. The Court recognizes that litigation often requires the participation of multiple attorneys. *See Hawaii Defense Foundation*, 2014 WL 2804448, at *8 (Noting that proceedings may require "the participation of multiple attorneys," but "overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees.") (citations omitted). Indeed, in several instances, the Magistrate Judge did not deduct time spent by both counsel attending the same event, such as the December 10, 2015 hearing on the motions for class certification, to compel arbitration, and for summary judgment. F&R at 29. As noted in the F&R, that hearing lasted more than an hour, involved multiple complex issues of law, and resulted in an extensive order by the Court. Accordingly, in that instance, the Court agrees that both Mr. Holcomb and Mr. Mac Master's attendance was reasonable.

However, the duplicative entries for client and co-counsel meetings, settlement conferences, a Rule 30(b)(6) deposition, and strategy meetings between co-counsel are not the types of events for which duplicative billing is permitted. The Court has carefully reviewed the time entries provided by Plaintiffs' counsel

and agrees that the hours requested by Plaintiffs should be reduced for conferences, meetings, discussions, and communications, for which both attorneys billed. *See, e.g., Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (noting that two professionals cannot bill for attending the same meeting and "when a party's counsel meet with one other, the Court deducts the duplicative time billed."). The Court therefore adopts the F&R with regard to reductions for duplicative time.

### D.   Deductions For Clerical Entries

Plaintiffs object to the deduction of 24.2 hours deemed clerical by the Magistrate Judge and classified as paralegal tasks by Plaintiffs. In this district, it is well-established that fees for paralegal work are compensable at paralegal rates. Clerical costs, on the other hand, are part of an attorney's overhead and are subsumed in the attorney's charged hourly rate. *Jeremiah B. v. Dep't of Educ*., 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citation omitted). *See also Frankl v. HGH Corp.,* 2012 WL 1755423, at *8 (D. Haw. Apr. 23, 2012), *F&R adopted by*, 2012 WL 1753644 (D. Haw. May 14, 2012) ("[I]t is not customary to bill for purely clerical or secretarial work separately from attorney's services. As previously stated, in this district, such tasks are subsumed in an attorney's overhead costs.").

Upon *de novo* review, the Court finds the deductions for clerical tasks fair and reasonable. The Court has reviewed counsels' time entries and concurs that

16

the 24.2 hours requested by Plaintiffs are for clerical tasks and should be deducted

from the requested paralegal hours.  The Court also deducts as clerical tasks the 7.1

hours of Mr. Holcomb's time calculating Pelayo's damages, and reduces the time

awarded to 3.7 hours at the paralegal rate of $85 per hour.

>        E.        **Deductions For Excessive Time**

Plaintiffs object to the deductions for work deemed excessive by the

Magistrate Judge.  Time spent on work that is "excessive, redundant, or otherwise

unnecessary" shall not be compensated.  *See Gates*, 987 F.2d at 1399 (quoting

*Hensley*, 461 U.S. at 433-34).

With respect to the complaints and subsequent amendments, the F&R found

that 25 hours was a reasonable amount of time, given the four claims against two

related Defendants, and recommended deducting 16.9 hours from Mr. Holcomb's

time.  Plaintiffs object to the deduction as excessive because they added to the

Second Amended Complaint "28 pages of detailed specific factual allegations that

were not in previous amendments."  Plaintiffs' Objections at 22.  Moreover,

Plaintiffs contend that the amount of time necessary to draft the complaints was

drawn out due to Defendants' failure to provide any discovery until July 7, 2015,

after the filing of the Second Amended Complaint.  As noted in the F&R, Plaintiffs

fail to articulate why 41.9 hours of time were necessary to draft the Complaint and

subsequent amendments, in light of the number of claims and defendants, or why

the factual allegations added to the Second Amended Complaint could not have been included in the previous complaints, thereby resulting in multiple amendments and motions to amend.  *See* Dkt. Nos. 5, 9, 24, 25, 26, 27, 28, 33. Moreover, the Court notes that the filing of both the First and Second Amended Complaints was pursued *sua sponte* by Plaintiffs, as neither the original Complaint nor the First Amended Complaint was dismissed in whole or in part by order of the Court.  Consequently, upon *de novo* review of the case file, the Court agrees that 25 hours is a reasonable amount of time for the complaints and amendments in this matter.

Second, Plaintiffs object to the Magistrate Judge's deduction of 6.7 hours of the 13.3 hours expended by Mr. Holcomb on the Motion to Compel records relating to Manankil's employment.  Defendants were ordered to produce the documents, but the Court declined to award fees incurred in bringing the Motion to Compel.  *See* Dkt. No. 101.  The Court finds the deduction of excessive hours appropriate, where the bulk of the fourteen-page memorandum recited introductory background information.  Accordingly, the Court agrees with the 6.6 hour allotment recommended in the F&R.

Third, Plaintiffs object to the 50 percent reduction for time spent on the briefing for the Motion for Attorneys' Fees.  Plaintiffs object on the ground that the instant Motion involved more than merely "rehashing" similar motions in prior

cases.  The Court acknowledges that a portion of the memorandum in support of the Motion and the reply are unique to the facts and law of this matter, but ultimately agrees with the Magistrate Judge that much of the time spent on both was excessive, and that nearly all of the exhibits and much of the legal argument is taken directly from previously filed fee motions in unrelated cases.  *See* F&R at 36-37; *see also Roberts*, 2016 WL 3136856, at *10; *De-Occupy Honolulu v. City & Cnty. of Honolulu*, 2015 WL 1013834 (D. Haw. Mar. 9, 2015); *Hawaii Defense Foundation*, 2014 WL 2804448; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (stating that the number of hours requested in a motion for attorneys' fees may be reduced "if the hours expended are deemed excessive or otherwise unnecessary").  The Court therefore agrees with the Magistrate Judge's recommendation to deduct 15.5 hours from Mr. Holcomb's time spent drafting the Motion, and 5.5 hours of time devoted to the Reply.

Fourth, Plaintiffs object to the 9.7 hours deducted from the 19.4 hours spent preparing for the Rule 30(b)(6) deposition.  The Court agrees that the hours billed are excessive as to the amount of preparation time and that the time entries lack sufficiently detailed explanation to determine whether and why the hours were otherwise necessary.  The Court adopts the F&R's recommendation and deducts 9.7 hours from the Rule 30(b)(6) deposition preparation time.

Fifth, Plaintiffs object to the 4 hours deducted from Mr. Holcomb's time devoted to supplemental briefing on the Motion for Attorneys' Fees.  The Magistrate Judge appropriately noted that half of the Supplemental Brief addressed matters unrelated to the court's instructions regarding the fairness of the settlement under the FLSA, and instead addressed Defendants' conduct during the litigation and repeated the same arguments regarding Plaintiffs' entitlement to the full amount of fees.  *See* F&R at 38-39 and Dkt. No. 133.  The Court finds the recommended reduction both reasonable and modest, considering the excessiveness of the request.  Accordingly, 4 hours shall be deducted from Mr. Holcomb's time spent on the Supplemental Brief.

In sum, the Court adopts the F&R's deductions of excessive time as follows: (1) 16.9 hours of Mr. Holcomb's time spent drafting the various complaints; (2) 6.7 hours of Mr. Holcomb's time devoted to Plaintiffs' motion to compel production of Manankil's records; (3) 15.5 hours of Mr. Holcomb's time incurred drafting Plaintiffs' attorneys' fees motion and 5.5 hours for the reply; (4) 9.7 hours of Mr. Holcomb's time spent preparing for the Rule 30(b)(6) deposition; and (5) 4 hours of Mr. Holcomb's time spent on a supplemental brief.

### F.    <u>Lodestar Reduction For Lack of Success</u>

The Magistrate Judge reduced the lodestar figure based on Plaintiffs' partial success in the litigation as follows:

> [T]he current lodestar figure reflects a number 13 times the
> amount Plaintiffs' recovered from Defendants.  The Court finds
> that the final lodestar figure is not reasonable in relation to the
> results obtained.  No reasonable person would pay a lawyer
> $141,347.00 or even $73,013.00 to win $5,575.00 . . .
> Accordingly, the Court finds that an across the board reduction
> of 30% of the current lodestar figure is appropriate.  *Schwarz v.
> Sec'y of Health & Human Servs.*, 73 F.3d 895, 905 (9th Cir.
> 1995) ("a district court does not abuse its discretion when it
> resorts to a mathematical formula, even a crude one, to reduce
> the fee award to account for limited success").

F&R at 41-42 (some citations omitted).  Both parties object to this reduction.

Plaintiffs object to the reduction for limited success, arguing that the Court

should focus on whether the hours spent in litigation were reasonably necessary to

obtain the relief ultimately achieved.  They argue that counsel "could not have

performed only 2/3 of the work and obtained vindication for Plaintiffs."  Plaintiffs'

Objections at 30.

For its part, Platinum also objects on the basis that the percentage reduction

is too low.  Platinum complains that the F&R "applied a nebulous and illogical

formula as the basis for the 30% reduction," and that it should have instead applied

a ratio roughly commensurate with the amount Plaintiffs' sought to recover

compared to what they actually recovered.  Platinum's Objections at 4.  Platinum

suggests awarding Plaintiffs approximately 20 percent of the lodestar figure, which

results in an 80 percent reduction for partial success.  *Id.* at 6.

The Court agrees with the Magistrate Judge and finds that counsels' hours should be decreased due to the partial success in this action. Plaintiffs' objection is, in essence, that counsel is entitled to a larger award. But both the F&R and the Court have carefully considered the "most critical factor" in the decision calculus — *i.e.*, "the degree of success obtained" by Plaintiffs. *Hensley*, 461 U.S. at 436. Considering Plaintiffs' limited success "in comparison to the scope of the litigation as a whole," the Court determines that "[a] reduced fee award is appropriate." *Hensley*, 461 U.S. at 440.

There is no precise formula for determining whether the time expended on litigation was reasonable in relation to the success achieved. The Court may consider the amount of damages awarded, among other factors. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.") (citation and quotations omitted). This promotes the Court's responsibility to assess the reasonableness of a fee award under the circumstances of a case. *Id.* at 114-15.

"The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*,

22

461 U.S. at 436-37; *see also I.T. ex rel. Renee T. v. Dep't of Educ.*, 18 F. Supp. 3d 1047, 1065 (D. Haw. 2014) ("[B]ecause Plaintiff's success was not as significant as he believes, and it is impossible for the Court to identify specific time entries to be excluded on the basis of partial success, the compensable hours must be reduced by a percentage.").

The Court agrees with Platinum that a higher percentage reduction is warranted, in light of Plaintiffs' limited monetary success relative to the hours expended, the fact that their desired pursuit of a collective action was denied, and the fact that several claimants were ordered to instead participate in mandatory dispute resolution. The Court, however, rejects Platinum's suggested 80 percent reduction, and instead concludes that a 50 percent reduction is appropriate.[6] The Court's focus remains on the overall relief obtained by Plaintiffs in relation to the hours reasonably expended. *See James v. City & Cnty. of Honolulu*, 2015 WL 438175, at *2 (D. Haw. Feb. 3, 2015) ("[T]he court must 'focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably

---

[6]Although Platinum takes issue with the F&R's 30 percent reduction as nebulous, "[t]here is no precise formula for determining the extent to which a party has prevailed. The district court 'has discretion in determining the amount of a fee award ... [because] of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993) (quoting *Hensley*, 461 U.S. at 437). Short of cataloguing the conduct by both parties that contributed to the high fee request from Plaintiffs, it suffices to note that Defendants bear some share of responsibility for the hours reasonably expended in this matter. *See, e.g.,* F&R at 35-36 ("Defendants' refusal to cooperate with Plaintiffs necessitated Plaintiffs' filing of the Motion to Compel. . . the Court granted Plaintiffs' Motion to Compel and ordered Defendants to produce the documents.").

expended on the litigation.'  In doing so, the court must determine whether Plaintiff 'achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'") (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2008)).

As noted in the F&R, Plaintiffs base lodestar award is not proportional to the settlement that they ultimately recovered from Platinum.  *See* F&R at 41.  *See also McCown*, 565 F.3d at 1104-05 (Reversing and remanding attorneys' fees award where plaintiff received $20,000 in settlement agreement on single remaining claim, which amounted to one-fourth of the damages of $75,000 sought in complaint, and one-tenth of the $251,000 requested in settlement; holding that plaintiff's "victory clearly fell far short of his goal; therefore, it is unreasonable to grant his attorneys more than a comparable portion of the fees and costs they requested."); *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (Reversing a district court that had failed to reduce fees to account for plaintiff's lack of success after the $200,000 punitive damages award was overturned, because while "lawyers might reasonably spend $148,000 worth of time to win $234,000 . . . no reasonable person would pay lawyers $148,000 to win $34,000.").

Upon *de novo* review of the F&R, and based on its own review and familiarity with this case, the Court finds that Plaintiffs' limited success requires a

percentage reduction to account for the relief obtained, but that the F&R's suggested 30 percent reduction does not go far enough.  Having carefully reviewing the billing records, the history of the litigation, the settlements achieved on behalf of two individuals, and accounting for both the denial of Plaintiffs' collective action and the granting of motions to compel ADR, the Court concludes that a 50 percent reduction adequately accounts for Plaintiffs' limited success and for any additional benefits derived from this suit.  Accordingly, the Court modifies the F&R, increasing the lodestar percentage reduction from 30 percent to 50 percent.

## II.   <u>Total Attorneys' Fees Award</u>

### A.   <u>Additional Award For Objections To F&R</u>

Subsequent to the Magistrate Judge's F&R, Plaintiffs expended additional time preparing both Objections to the F&R and Responses to Platinum's F&R Objections.  Plaintiffs now request an additional award of 16.4 hours for Mr. Holcomb's time preparing the Objections and 17.5 hours for his time preparing the Responses.   Given this Court's partial upward modification of the award, there was a degree of merit to the Objections.  The Court finds, however, that most of the Objections have been overruled.  Moreover, portions of Plaintiffs' Objections and Responses are duplicative of earlier work submitted to the Magistrate Judge (*i.e.*, Plaintiffs' Motion for Attorneys' Fees and Costs and the Reply in support of

that Motion) and overlap with respect to their opposition to any percentage reduction of the lodestar amount.

The Court thus finds that the amount of time spent on Plaintiffs' Objections and Responses is excessive, and therefore deducts 8.2 hours from the requested hours devoted to Plaintiffs' Objections and 8.8 hours from the time spent on the Responses.  The Court awards Mr. Holcomb a combined 16.9 hours for his work on these matters.

### B.    Total Attorneys' Fee Award

Based on the foregoing, Plaintiffs are entitled to the following fee award:

| ATTORNEY | HOURS[7] | RATE | TOTAL |
|---|---|---|---|
| Richard L. Holcomb, Esq. | 165.9[8] | $225.00 | $37,327.50 |
| Timothy Mac Master, Esq. | 17.05[9] | $310.00 | $5,285.50 |
| Paralegal | 1.85[10] | $85.00 | $157.25 |
| | | Subtotal | $42,770.25 |
| | | GET (4.712%) | $2,015.33 |
| | | **TOTAL** | **$44,785.58** |

---

[7] The hours awarded reflect the hours adopted from the F&R lodestar (*see* F&R at 39), less the 50 percent across-the-board reduction for partial success.
[8] 314.9 hours (F&R hours) + 16.9 hours (Objections and Response to Objections) = 331.8 hours
331.8 hours - 165.9 hours (50% reduction) = 165.9 hours
[9] 34.1 hours (F&R hours) - 17.05 hours (50% reduction) = 17.05 hours
[10] 3.7 hours (F&R hours) - 1.85 (50% reduction ) = 1.85 hours

## <u>CONCLUSION</u>

For the foregoing reasons, the Court ADOPTS in part and MODIFIES in part the Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Attorneys' Fees and Costs.  The Court awards Plaintiffs attorneys' fees of **$44,785.58** and costs of **$3,131.76**.

IT IS SO ORDERED.

DATED: September 27, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Pelayo, et al. v. Platinum Limousine Services, Inc., et al.*; Civ. No. 15-00023 DKW-KJM; **ORDER AFFIRMING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**