UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ARSENIO PELAYO and BRANDON BORELIZ,<br><br>                Plaintiffs,<br><br>vs.<br><br>PLATINUM LIMOUSINE SERVICES, INC. and KURT TSUNEYOSHI,<br><br>                Defendants. | CIVIL NO. 15-00023 DKW-KJM<br><br>**ORDER REVERSING IN PART THE MAGISTRATE JUDGE'S OCTOBER 19, 2017 ORDER** |

## **INTRODUCTION**

On October 19, 2017, the Magistrate Judge granted Plaintiffs' Motion to Compel and ordered Defendants to provide satisfactory responses to long-standing discovery requests. In doing so, however, the Magistrate Judge denied Plaintiffs' request for attorneys' fees associated with the motion. Although the Magistrate Judge acknowledged that Federal Rule of Civil Procedure 37(a)(5)(A) ordinarily requires the payment of expenses, including such fees, if a motion to compel is granted, he denied Plaintiffs' request, finding that "circumstances make an award of expenses unjust," based upon his conclusion that the case was "being driven almost entirely by attorneys' fees." 10/19/17 Order at 4, Dkt. No 166.

Plaintiffs now appeal only the portion of the Magistrate Judge's October 19, 2017 Order denying their request for attorneys' fees.[1] Because the Magistrate Judge granted Plaintiffs the relief sought in their Motion to Compel and the award of expenses is not unjust in light of the specific circumstances supporting Plaintiffs' request—defense counsel's discovery conduct—the Court reverses only the portion of the Magistrate Judge's Order denying Plaintiffs' fees under Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiffs are awarded $8,740.83 in fees.

## BACKGROUND

I. **Settlement Of Claims And Appeal Of Order Awarding Attorneys' Fees**

Plaintiffs Arsenio Pelayo and Brandon Boreliz, limousine driver-employees of Platinum Limousine Services, Inc. ("Platinum"), filed a collective action against Platinum and its principal, Kurt Tsuneyoshi, alleging that Defendants failed to pay wages and expenses for various employment-related activities, as required by state and federal law.[2] The parties settled the underlying claims on January 15, 2016.[3] *See* Dkt. No. 122.

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(e).
[2] Following amendment of the complaint, and the partial granting of Defendants' motion to dismiss on September 20, 2015, the following claims remained: (1) violation of Hawaii Revised Statutes ("HRS") § 388-6 for failure to timely pay wages due (Count 1); (2) unjust enrichment (Count 3); and (3) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Count 4). *See* Dkt. No. 62. In a December 30, 2015 order, the Court denied Plaintiffs' motion to conditionally certify a collective action under FLSA § 216(b) and HRS § 388-11(a), granted Platinum's motion to compel arbitration of the claims brought by Manankil and two putative

On September 27, 2016, Plaintiffs were awarded $47,917.34 in fees and costs under the Court's Order Adopting in Part and Modifying in Part the Magistrate Judge's Findings and Recommendation on Plaintiffs' Motion for Attorneys' Fees and Costs. Dkt. No. 139 (9/27/16 Order). On October 27, 2016, Defendants appealed the award, Dkt. No. 140, and Plaintiffs cross-appealed. Dkt. No. 141. No stay of execution of the judgment was sought by Defendants in this Court prior to the filing of Plaintiffs' Motion to Compel, nor was a supersedeas bond posted.

---

plaintiffs, and held the parties' motions for summary judgment in abeyance pending further settlement discussions. *See* Dkt. No. 112.

[3]The terms of the settlement are described more fully in the Court's September 27, 2016 Order awarding Plaintiffs attorneys' fees and costs:

> The parties participated in three settlement conferences with Magistrate Judge Barry M. Kurren on August 27, 2015; November 12, 2015; and January 15, 2016. *See* ECF Nos. 57, 82, 122. With Judge Kurren's assistance, Plaintiff Pelayo and Plaintiff Boreliz entered into a Settlement Agreement and General Release (the "Settlement Agreement") with Defendants for $5,000 and $575, respectively. *See* ECF No. 124-12. The parties agreed to submit the issue of Plaintiffs' attorneys' fees to the Court in the Settlement Agreement. *Id*. at 1. The Settlement Agreement explicitly provides that the filing of a Stipulated Dismissal "shall not divest the Court of jurisdiction to determine the amount of attorneys' fees and award those fees or otherwise enforce [the Settlement Agreement]." ECF No. 124-12 at 2. The Stipulation for Dismissal with Prejudice was filed on February 10, 2016.

9/27/16 Order at 3, Dkt. No. 139 (citing 6/26/16 Findings and Recommendation).

## II. Plaintiffs' Motion To Compel

Plaintiffs served written discovery requests on Tsuneyoshi, pursuant to Federal Rule of Civil Procedure 69(a)(2), on January 27, 2017.[4] Dkt. No. 148-3. When the discovery requests went unanswered, Plaintiffs sought to meet and confer with Defendants' counsel on several occasions. *See* Decl. of Richard Holcomb ¶ 30, Dkt. No. 168-2. Plaintiffs also informed Defendants' counsel, beginning in February 2017, that Plaintiffs would stipulate to a stay of collection if Defendants posted a sufficient surety bond. According to Plaintiffs, the only response received to their discovery requests and offer was sent on April 11, 2017. On that date, instead of answering the interrogatories and producing documents, Defendants wrote the following after each of Plaintiffs' requests:

> Kurt Tsuneyoshi objects on the ground that, as you have previously been informed, an appellate bond is being posted in connection with the de minimis/nuisance value settlement of $5,575.00 (total) you obtained on behalf of two of your clients. Kurt Tsuneyoshi further objects on the ground that all discovery is stayed pending mediation.

Holcomb Decl. ¶ 21, Dkt. No. 148-2. Plaintiffs' counsel immediately objected to the sufficiency and accuracy of these responses. Holcomb Decl. ¶ 24, Dkt. No. 148-2. Indeed, from April 11 until June 22, 2017, Plaintiffs sent four more letters

---

[4]Under Rule 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor— as provided in these rules or by the procedure of the state where the court is located."

and e-mails, following up on the discovery issues and requesting a meet and confer. Holcomb Decl. ¶¶ 23–28, Dkt. No. 148-2. When the parties were finally able to schedule a meet and confer for July 5, 2017, defense counsel did not appear or return Plaintiffs' counsel's telephone calls. Five days later, counsel for Defendants emailed Plaintiffs' counsel and, on July 25, 2017, counsel for the parties did meet and confer. Holcomb Decl. ¶¶ 34–39, Dkt. No. 148-2. At that meet and confer, defense counsel promised that the bond would be posted on July 28, 2017, and, in exchange, Plaintiffs agreed to forego further discovery responses. Holcomb Decl. ¶ 39, Dkt. No. 148-2.

When no bond (or discovery responses) was provided by the July 28 deadline, Plaintiffs again wrote defense counsel requesting the posting of the bond by no later than August 10, 2017 or, at minimum, an assurance that the bond would be posted by August 11, 2017. Holcomb Decl. ¶ 41, Dkt. No. 148-2.

Receiving no response, on August 11, 2017, Plaintiffs filed a Motion to Compel Answers to Plaintiffs' First Interrogatories and Request for Production of Documents Pursuant to Fed. R. Civ. P., Rule 69(a)(2) or Alternatively, the Posting of a Supersedeas Bond ("Motion to Compel"). Dkt. No. 148. By that motion, Plaintiffs sought an order compelling responses to Plaintiffs' discovery requests that were served pursuant to Rule 69(a)(2) on January 27, 2017. In the alternative,

5

Plaintiffs requested the posting of a supersedeas bond in the amount of the judgment at issue, $47,917.34.  Plaintiffs also sought sanctions, including, but not limited to, an award of fees and costs, pursuant to Rule 37(a)(5).  *See* Mem. in Supp. of Mot. to Compel at 2–3, Dkt. No. 148-1.

Defendants filed a response to Plaintiffs' Motion to Compel on August 28, 2017.  The response did not cogently explain why no stay had been sought nor any bond posted since the entry of the Court's 9/27/16 Order, other than to mention "failed settlement attempts."  *See* Dkt. No. 151 at 2.  Defendants also objected to the requested discovery as improper "hybrid" requests that exceeded the limits of the Federal Rules and that were propounded to harass Defendants.  *Id.* at 4–5.

For the first time at the September 18, 2017 hearing on the Motion to Compel, defense counsel informed the Magistrate Judge and Plaintiffs' counsel that Defendants had, in fact, obtained a bond and would seek a stay.  Dkt. No. 161 (9/18/17 Hrg. Tr.).  In part because the bond was not provided to either the Magistrate Judge or Plaintiffs, however, the Magistrate Judge directed the parties to meet and confer to attempt to reach resolution and "to file an appropriate request for a stay."  The Magistrate Judge continued the hearing on the Motion to Compel to October 4, 2017.

**III.     10/19/17 Order And Appeal**

The parties were unable to reach a resolution on Plaintiffs' outstanding discovery requests, and Defendants did not file a motion for a stay. As a result, at the October 4, 2017 continued hearing, the Magistrate Judge granted in part and denied in part the Motion to Compel, and set an October 25, 2017 deadline for Defendants' supplemental responses. Dkt. No. 163 (10/4/17 Court Minutes). The Magistrate Judge entered a written Order on October 19, 2017, ruling as follows—

> Accordingly, the Court GRANTS Plaintiffs' Motion insofar as it seeks to compel answers to the discovery requests. Absent a proper stay of the execution of this judgment, Defendant is ORDERED to provide satisfactory responses to the discovery requests on or before October 25, 2017.
>
> Plaintiffs have requested, in the alternative to compelling responses to the discovery requests, that the Court compel Defendants to post an adequate bond. The Court denies this alternative request as Plaintiffs have provided no authority in support of a Court compelling a judgment debtor to obtain or file a bond, and the Court is aware of no such authority.
>
> Finally, Plaintiffs have requested fees and costs associated with this Motion. Federal Rules of Civil Procedure 37(a)(5)(A) requires the payment of expenses if a Motion to Compel is granted unless "other circumstances make an award of expenses unjust." Fed. R. Civ. Proc., Rule 37(a)(5)(A)(iii). The Court finds that this case is being driven almost entirely by attorneys' fees. The Court finds that a further award of attorneys' fees and costs would therefore be unjust under the circumstances, and declines to award them to Plaintiff.

> Plaintiffs filed an additional document pertaining to this Motion on October 4, 2017, ECF 162. In oral argument on October 4, 2017, Plaintiffs' counsel clarified that this filing was to inform the Court that the previously ordered meet and confer failed to resolve the issue of fees and costs and that the document was for the purpose of informing the Court of the amount of fees and costs sought. Because of the Court's previous ruling that it would be unjust to award fees and costs, it is unnecessary for the Court to consider Plaintiffs' filing of October 4, 2017, ECF 162.

10/19/17 Order at 3–4.

This appeal followed on November 1, 2017. Dkt. No. 168. Plaintiffs appeal only the denial of their request for fees and costs under Rule 37(a)(5)(A) as "unjust under the circumstances."

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 74.1, any party may appeal to the district court any nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Akey v. Placer Cty.*, 2017 WL 1831944, at \*10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). An order is "clearly erroneous" if, after review, the court has a "definite and firm conviction that a mistake has been committed."

*Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011); *Cochran v. Aguirre*, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991); *Cochran*, 2017 WL 2505230, at *1.

## DISCUSSION

Because defense counsel's conduct occasioned the Motion to Compel discovery, which the Magistrate Judge granted, the award of expenses is mandatory under Rule 37(a)(5)(A), unless an exception applies. None does. An award of fees is not "unjust" under the particular circumstances presented, and Plaintiffs are entitled to $8,740.83 in attorneys' fees, their "reasonable expenses incurred in making the motion."

I.  **Plaintiffs Are Entitled To Fees Under Rule 37(a)(5)**

    A.  **Fees Under Rule 37 Are Mandatory Unless An Exception Applies**

If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated

the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). That is, if, as here, a motion to compel is granted, the prevailing party is entitled to an award of its reasonable attorney's fees. *See* 8B Fed. Prac. & Proc. Civ. § 2288 (3d ed. 2017) ("If a motion under Rule 37(a)[]—or any of the other rules incorporating it or similar to it—is granted, or if the requested discovery or disclosure is only provided after the motion has been filed, the party or deponent whose conduct necessitated the motion shall be required to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order.").

Exceptions to this otherwise mandatory requirement are few: if the movant failed to attempt to first informally resolve the discovery dispute; if the opposing party's non-disclosure was "substantially justified"; or if other circumstances exist which would make the award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). "Unless one of the three enumerated exceptions is found to exist, the award of such expenses is mandatory." *Fid. Nat. Title Ins. Co. v. Tahoe Reg'l Planning Agency*, 2014 WL 1668831, at *1 (D. Nev. Apr. 25, 2014). "Given this, the disobedient party bears the burden to show that one of the exceptions has been met; otherwise, fees and costs will be awarded." *Linde v. Arab Bank, PLC*, 269

F.R.D. 186, 205 (E.D.N.Y. 2010) (citing *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) and the Advisory Committee Note to the 1970 Amendments to the Rule).

As detailed below, defense counsel's conduct necessitated the Motion to Compel, no exceptions are applicable, and under Rule 37(a)(5)(A), the award of expenses is mandated.

**B.    An Award Of Fees Is Not Unjust Under These Circumstances**

The Magistrate Judge granted Plaintiffs' Motion to Compel, finding that Defendants "have not adequately responded to [Plaintiffs' January 27, 2017 written discovery] requests." 10/19/17 Order at 2. The Magistrate Judge found that Defendants' "boilerplate objections [served on April 11, 2017] are not permitted pursuant to Rule 33(b)(4) and 34(b)(2)(C)" and that the additional untimely objections "pertaining to 'hybrid' discovery requests and that the Interrogatories exceed the number permitted" had been waived. 10/19/17 Order at 2. Moreover, he found Tsuneyoshi's objections unpersuasive for the following reasons:

> First, the $5,575.00 bond was never obtained. Even if Defendants had obtained the bond, a bond of $5,575 is insufficient to secure the $47,917.34 judgment at issue here.
>
> Second, no stay was sought or obtained with this Court. Indeed, this Motion was first scheduled to be heard on September 18, 2017. ECF 160. For the first time, in the oral argument on the Motion on September 18, 2017, defense

11

> counsel represented to the Court that a bond had been obtained. The Court continued the hearing on the motion until October 4, 2017, for the specific purpose of allowing the parties to further meet and confer and to file an appropriate request for a stay to which it was anticipated that the Plaintiffs would stipulate. Defendants, however, filed no request for a stay or otherwise obtained a stay by agreement.

10/19/17 Order at 3. No party quarrels with any of these findings in this appeal. Because the Motion to Compel was granted "insofar as it [sought] to compel answers to the discovery requests," *id*., Plaintiffs are entitled to their reasonable expenses associated with bringing the Motion to Compel, unless an exception to Rule 37(a)(5)(A) applies.

Although the Magistrate Judge concluded that "this case is being driven almost entirely by attorneys' fees[,]" and cited Rule 37(a)(5)(A)(iii) in ordering "that a further award of attorneys' fees and costs would therefore be unjust under the circumstances," no additional explanation for the application of this exception is provided. A thorough examination of the discovery dispute does not reveal any circumstances that would render "unjust" an otherwise mandatory award of fees to Plaintiffs.

There is no dispute that Plaintiffs sent at least ten separate pieces of correspondence to Defendants to obtain adequate responses to their January 2017 discovery requests. There is also no dispute that Plaintiffs offered to forego those

12

further discovery responses relating to collection if Defendants posted a bond covering the amount of this Court's judgment, pending appeal. Plaintiffs' correspondence was largely ignored until April 11, 2017 when Defendants issued the discovery responses that the Magistrate Judge found inadequate. After a number of attempts by Plaintiffs to schedule a meet and confer to discuss the inadequate responses, defense counsel missed the July 5, 2017 meet and confer appointment without explanation, failed to deliver a bond by the promised date of July 28, 2017, and failed to respond to Plaintiffs' August 7, 2017 inquiry. Once the Motion to Compel was filed on August 11, 2017, Defendants neglected to advise Plaintiffs or the Court that they had obtained the bond until the September 18, 2017 hearing on the Motion to Compel. *See generally* Holcomb Decl., Dkt. No. 148-2. Defense counsel's intransigence during the course of responding to Plaintiffs' discovery requests was not substantially justified. Defense counsel undoubtedly could have avoided incurring the fees sought by securing the bond in the amount of the Court's judgment when she repeatedly promised to secure it. Indeed, as early as February 2017, Plaintiffs' counsel promised just that—to forego Rule 69(a) discovery once an appropriate bond had been posted. An award of expenses under Rule 37(a) is not "unjust" under these circumstances. *See Boles v. Lewis*, 2009 WL 2021743, at *3 (W.D. Mich. July 7, 2009) (finding Magistrate

Judge's order denying costs under Rule 37 to be "clearly erroneous" because "[w]hen a motion for discovery is granted, the prevailing party is generally entitled to the costs incurred for having to bring the motion . . . Defendants' conduct need not []rise to a sanctionable level before costs are awarded; rather costs should be awarded unless one of the three exceptions apply").

Although the Magistrate Judge may rightfully have been frustrated with the parties' pattern of conduct throughout the course of litigation, which they have sustained post-appeal, the conclusion "that a further award of attorneys' fees and costs would therefore be unjust under the circumstances" is not sufficiently justified by the singular finding that "this case is being driven almost entirely by attorneys' fees." 10/19/17 Order at 4. That is, although there is evidence to support the Magistrate Judge's finding, this Court, on the whole, is left with the definite and firm sense that a mistake has been made and the Magistrate Judge's finding, in this regard, is clearly erroneous. *See Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) ("A finding is "clearly erroneous" when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.").

Indeed, there is no compelling evidence in the record that would render an award of attorneys' fees unjust. First, but for Defendants' noncompliance, Plaintiffs would not have filed a Motion to Compel. Plaintiffs extended numerous opportunities to Defendants to comply before turning to this Court for relief. Nor was the requested discovery unnecessarily complex or beyond the scope of Rule 69(a). Both parties are represented by experienced counsel, and, neither is a stranger to this litigation. Defendants had over seven months to comply with discovery (or, in the alternative, to post the requested bond) before Plaintiffs filed the Motion to Compel on August 11, 2017. In light of the above, the Court finds no "circumstances mak[ing] an award of expenses unjust" under Rule 37(a)(5)(A)(iii). *See Swimways Corp. v. Aqua-Leisure Indus., Inc.*, 2017 WL 3262135, at *3 (E.D. Va. July 31, 2017) (concluding that an award of fees would not be unjust upon examination of similar factors, including complexity of discovery, whether parties were represented by experienced counsel, and counsel's discovery conduct). *Cf. Fraser v. Nationwide Mut. Ins. Co.*, 334 F. Supp. 2d 755, 762 (E.D. Pa. 2004) (holding that an award of expenses under Rule 37(b)(2) "would be unjust" where discovery "included thousands of pages of documents and a multitude of witnesses, [was] a painstaking and lengthy process [and] [a]lthough, admittedly, defendants were occasionally 'somewhat slow' in their

responses, what occurred in this case was attributable, in large degree, to the nature of the discovery process in a complex case"); *Flame S.A. v. Indus. Carriers, Inc.*, 2014 WL 4809842, at *6 (E.D. Va. Sept. 25, 2014) (holding that an award of expenses would be "unjust under the relevant circumstances" where the movant "lost the second of its two motions to compel" and its "'good faith' effort to resolve the discovery dispute with FBP was 'half-hearted' at best, and FBP's position was not patently unreasonable at the time of the first dispute"); *Williamson v. Haw.*, 2014 WL 7642094, at *3 (D. Haw. Dec. 30, 2014) (granting request for terminating sanctions and dismissing action, but finding "that awarding $11,422.03 in expenses against a pro se Plaintiff proceeding *in forma pauperis* would be unjust"), *report and recommendation adopted*, 2015 WL 224714 (D. Haw. Jan. 15, 2015).

Accordingly, because an award of fees is not unjust under the particular circumstances of this case, the Court awards Plaintiffs their expenses, including attorneys' fees, under Rule 37(a)(5)(A).

## II. <u>Calculation of Fee Award</u>

Plaintiffs are entitled to their "reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A).[5] Reasonable

---

[5]Because the Motion to Compel was granted with respect to the discovery and fees sought and denied only with respect to the *alternative* request to compel the posting of a bond, the Court

16

attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Plaintiffs request an award of their attorneys' fees in the amount of $8,740.83, and an additional $284.82 for tasks billed at a paralegal rate, associated with the Motion to Compel. *See* Mem. in Supp. at 23. Defendants offer no argument or evidence to show that the requested rates are unreasonably high, nor do they argue that the hours billed were excessive.

First, in determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorneys requesting the fees. *See Webb v. Ada Cty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See id*. Plaintiffs' counsel, Richard L. Holcomb, Esq., has been practicing law for over twelve years. Holcomb Decl. ¶¶ 9,13, Dkt. No. 168-2. Based on the Court's knowledge of the prevailing rates in the community, the Court finds that the $225 per hour rate recently awarded to Mr. Holcomb continues to be a reasonable hourly rate. *See Pelayo v. Platinum Limousine Servs., Inc*., 2016 WL 5402185, at *5 (D. Haw.

---

need not "apportion reasonable expenses for the motion," pursuant to Rule 37(A)(5)(C). That is, Plaintiffs are the prevailing party, having achieved all of the relief sought by the Motion to Compel, and the Court awards fees accordingly.

Sept. 27, 2016) (finding $225 to be reasonable hourly rate for Mr. Holcomb); *see also Envy Hawaii LLC v. Cirbin Inc.*, 2017 WL 5354198, at *5 (D. Haw. Oct. 17, 2017) (awarding rates of $250 per hour to attorney practicing law for 21 years and $200 per hour to attorney practicing for 12 years in this community), *report and recommendation adopted*, 2017 WL 5327451 (D. Haw. Nov. 13, 2017). Plaintiffs also request 3.2 hours of paralegal work at $85 per hour, which this Court previously found to be a reasonable hourly rate in the community. *Pelayo*, 2016 WL 5402185, at *1–2 (determining paralegal's rate of $85 per hour to be reasonable).

Second, the Court must determine if the fees requested were reasonably necessary to achieve the results obtained. *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees which are excessive, and must determine which fees were self-imposed and avoidable. *See id.* at 637 (citing *INVST Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 404 (6th Cir. 1987)). Here, Plaintiffs' counsel submitted descriptions of the fees incurred related to the Motion to Compel and appeal, totaling 37.1 hours of work at the attorney rate of $225 per hour, and an additional 3.2 hours of work at the paralegal rate of $85 per hour. Holcomb Decl., Ex. A, Dkt. No. 168-2. As noted above, Defendants do not object to the number of

hours or hourly rates requested by Plaintiffs. The Court has carefully reviewed the time entries provided by counsel and finds the hours requested at the *attorney rate* to be reasonable. Counsel's requested hours are for time expended on researching case law and Rules, drafting and revising pleadings, and communicating with opposing counsel relating to discovery and the Motion to Compel. The Court finds that 37.1 hours is a reasonable amount of time to have expended on the foregoing tasks, which "were associated with the relief requested and reasonably necessary to achieve the results obtained." *Tiki Shark Art Inc. v. Cafepress Inc.*, 2014 WL 12613386, at *2 (D. Haw. July 24, 2014) (citing *Tirona*, 821 F. Supp. at 636). The Court, however, deducts the 3.2 hours of attorney time requested at the *paralegal rate* for tasks that were clerical or ministerial in nature.[6] Clerical costs, unlike paralegal work, are part of an attorney's overhead and are subsumed in the attorney's charged hourly rate. *Jeremiah B. v. Dep't of Educ.*, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citation omitted); *see also Frankl v. HGH Corp.*, 2012 WL 1755423, at *8 (D. Haw. Apr. 23, 2012) ("[I]t is not customary to bill for purely clerical or secretarial work separately from attorney's services . . . in this district, such tasks are subsumed in an attorney's overhead costs."), *report and recommendation adopted*, 2012 WL 1753644 (D. Haw. May 14, 2012).

---

[6]*See* Holcomb Decl. ¶ 38, Ex. A, Dkt. No. 168 (1.5 hours for delivering courtesy copies; 1.4 hours for preparing exhibits for filing; and 0.3 hours for filing documents).

In sum, Plaintiffs are entitled to an award of fees for 37.1 hours of work performed by Mr. Holcomb at a rate of $225 per hour ($8,347.50), plus Hawaii general excise tax of 4.712% ($393.33), for a total award of **$8,740.83**.

## CONCLUSION

For the foregoing reasons, the Court REVERSES IN PART the October 19, 2017 Order Granting in Part and Denying in Part Motion to Compel Answers to Plaintiffs' First Interrogatories and Request for Production of Documents Pursuant to Fed. R. Civ. P., Rule 69(a)(2) or Alternatively, the Posting of a Supersedeas Bond. The Court ORDERS Defendants to pay **$8,740.83** in fees to Plaintiffs' counsel related to Defendants' failure to comply with discovery as detailed above and in the Magistrate Judge's October 19, 2017 Order.

IT IS SO ORDERED.

DATED: January 5, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Pelayo, et al. v. Platinum Limousine Servs., Inc., et al.*; Civ. No. 15-00023 DKW-KJM; **ORDER REVERSING IN PART THE MAGISTRATE JUDGE'S OCTOBER 19, 2017 ORDER**