FILED

FEB 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARSENIO PELAYO, Individually and on behalf of all others similarly situated; FRANCIS MANANKIL, individually and on behalf of all others similarly situated; BRANDON BORELIZ, individually and on behalf of all others similarly situated, <br><br>            Plaintiffs-Appellees, <br><br> v. <br><br> PLATINUM LIMOUSINE SERVICES, INC.; KURT TSUNEYOSHI, <br><br>            Defendants-Appellants. | No.    16-16989 <br>          18-15169 <br><br> D.C. No. <br> 1:15-cv-00023-DKW-KJM <br><br><br><br> MEMORANDUM* |
| ARSENIO PELAYO, Individually and on behalf of all others similarly situated; FRANCIS MANANKIL, individually and on behalf of all others similarly situated; BRANDON BORELIZ, individually and on behalf of all others similarly situated, <br><br>            Plaintiffs-Appellants, <br><br> v. <br><br> PLATINUM LIMOUSINE SERVICES, INC.; KURT TSUNEYOSHI, | No.    16-16991 <br><br> D.C. No. <br> 1:15-cv-00023-DKW-KJM |

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 5, 2020
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

In these consolidated appeals, Plaintiffs Arsenio Pelayo and Brandon Boreliz (collectively, "Plaintiffs") and Defendants Platinum Limousine Services, Inc. and Kurt Tsuneyoshi (collectively, "Platinum") cross-appeal the district court's attorneys' fees award following the settlement of Plaintiffs' Fair Labor Standards Act claims. Platinum separately appeals the district court's award of reasonable expenses to Plaintiffs stemming from a post-judgment motion to compel. We review an attorneys' fee award and an award of expenses under Federal Rule of Civil Procedure 37 for an abuse of discretion. *See Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016) (attorneys' fees); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016) (Rule 37). We have jurisdiction under 28 U.S.C. § 1291, and we affirm both orders.

1. Plaintiffs argue that the district court abused its discretion in calculating the lodestar, both in determining a reasonable hourly rate and the number of hours reasonably expended on the matter. We reject both arguments.

The district court did not err in determining the reasonable hourly rate in the community for attorneys of "comparable skill, experience and reputation" to Plaintiffs' lawyers. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (quotations and citation omitted). Here, the district court did not "discard[] the declarations" submitted by Plaintiffs in support of their claimed fees entirely, *see id.* at 1024, but rather considered the declarations in conjunction with fee awards in similar cases, and its own "knowledge of customary rates and [its] experience concerning reasonable and proper fees," *see Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)), before determining a reasonable hourly rate for Plaintiffs' attorneys. This was not an abuse of discretion.[1]

Plaintiffs further contend that the district court erroneously excluded discrete billing entries by their attorneys from the number of hours reasonably expended on the litigation. When fashioning the lodestar, a district court may "exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal quotation marks and citation omitted). The district court's order provided a concise and comprehensible rationale for excluding four categories of billing entries from its lodestar

---

[1] The Court denies Plaintiffs' Motion to Take Judicial Notice (Nos. 16-16989, 16-16991, Dkt. 34) because the documents noticed by Plaintiffs were not before the district court.

3

calculation. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–12 (9th Cir. 2008). Because the district court's reasons find ample support in the record, the district court did not abuse its discretion.

2. Next, Plaintiffs and Platinum each challenge the district court's fifty percent reduction of the lodestar. Specifically, Plaintiffs argue that the district court should have imposed no reduction at all whereas Platinum contends that the cut was not large enough. We disagree.

After calculating the lodestar, a district court has discretion to adjust the fee upward or downward to reflect the "results obtained" by the plaintiff. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A district court abuses its discretion when it does not consider "the relationship between the 'extent of the success' [by the plaintiff] and the amount of the fee award." *Bravo v. City of Santa Maria*, 810 F.3d 659, 666 (9th Cir. 2016) (citation omitted). But we do not impose "a test of strict proportionality" when determining the reasonableness of a fee award. *See McCown*, 565 F.3d at 1104.

The district court did not err by applying a fifty percent reduction to the lodestar after considering the limited relief Plaintiffs obtained "in comparison to the scope of the litigation as a whole." *See Hensley*, 461 U.S. at 440. Moreover, the district court did not impermissibly "double count" categories of time for reduction because the district court offered independent justifications for its line-

4

item reductions from Plaintiffs' billing entries and its percentage reduction of the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1204 n.3 (9th Cir. 2013) ("Double-counting occurs when a court reduces a fee award more than once for the same issue.").

Nor did the district court abuse its discretion by failing to reduce the lodestar by a greater percentage. In contrast to Platinum's argument, Plaintiffs' settlement exceeds a de minimis recovery, *see Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1135–36 (9th Cir. 2002), and the district court's fee award need not be strictly proportional to the amount recovered by Plaintiffs, *see McCown*, 565 F.3d at 1104.

3. Platinum separately appeals the district court's award of attorneys' fees to Plaintiffs in connection with Plaintiffs' successful post-judgment motion to compel. Platinum contends that the district court's award runs afoul of Rule 37, the District of Hawaii's local rules, and due process because the court awarded Plaintiffs fees without affording Platinum sufficient opportunity to respond. However, the record does not support Platinum's contentions. Accordingly, we conclude that the district court did not abuse its discretion by awarding reasonable expenses to Plaintiffs.

Each party shall bear their own costs on appeal.

**Nos. 16-16898, 16-16991: AFFIRMED.**
**No. 18-15169: AFFIRMED.**

5